(No. 34034.—
Mildred Hudson *et al.*, Appellants, *vs.* Don Leverenz, doing business as Don's Tavern, *et al.*, Appellees.

*Opinion filed November 26, 1956—Rehearing denied Jan. 23, 1957.*

WILLIS P. RYAN, of Mattoon, (HARLAN HELLER, of counsel,) for appellants.

JONES, SEBAT & SWANSON, MANN, STIFLER & SNYDER, both of Danville, and DOBBINS & FRAKER, and RAY F. DOBBINS, both of Champaign, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This case is here on a certificate of importance from the Appellate Court, Third District, which in an appeal from the circuit court of Vermilion County set aside certain

judgments and ordered a new trial. Reversal was based on a finding that the trial court improperly refused the defendants a jury trial. 9 Ill. App.2d 96.

On January 29, 1954, Clinton Hudson was killed when the auto in which he was riding collided with an auto driven by Jackie Nebergall. Hudson's widow, Mildred, and his three minor children, Sharon, David and Michael, sued the defendants, tavern operators, under the Dram Shop Act, claiming Nebergall was intoxicated as a result of drinks purchased from the defendants.

Trial was before the court without a jury, and the following judgments were entered: for Mildred, $15,000; for Sharon, $6750; for David, $8250; and for Michael, $8750.

On appeal to the Appellate Court, the defendants assigned several errors, but the court ruled against them on all issues except the one pertaining to an alleged wrongful deprivation of a jury trial.

In this court the defendants again urge, in addition to the jury trial question, that the evidence was not sufficient to support the judgments and that the trial court erred in refusing to admit evidence of social security benefits payable to the plaintiffs. We adopt the opinion of the Appellate Court on these two matters and confine our discussion to whether the trial court abused its discretion in refusing to grant defendants' request for a jury trial. Only facts relevant to this issue are stated.

The plaintiffs filed their original complaint on March 3, 1954, but in order to bring in additional parties defendant, they filed three amended complaints. At no time did they ask for a jury trial.

The several defendants filed their answers from time to time, the final pleading being dated September 2, 1954. Likewise, they did not request a jury.

On October 4, 1954, there was a docket setting at

which both sides were represented by counsel. The cause was placed on the nonjury calendar as the first case on December 13, 1954.

Nearly two months later, on December 1, 1954, the defendants filed a jury demand, without notice or leave of court. Plaintiffs' attorney learned of this, and on December 3, 1954, moved that it be stricken. A hearing was set for December 6, 1954, and at that time counsel for all but one of the defendants asked leave to file a jury demand, alleging that their failure to request a jury at the time answers were filed was the result of "misapprehension of the facts, mistake and inadvertence."

In a supporting affidavit, the attorneys for two of the defendants stated they came into the case on September 29, 1954, replacing other counsel, and erroneously assumed the latter had demanded a jury. Another defense counsel, representing the owners of another of the taverns, stated by affidavit that he "was under the impression that the plaintiffs had demanded a jury trial at the time the original complaint was filed, since this is the usual practice in dram shop suits."

Plaintiffs' attorney filed a counteraffidavit in which he stated that at the October 4 docket setting one of the defense counsel said he was appearing for all the defendants for the purpose of the trial setting; that the clerk sent all interested attorneys a list of the cases set, the instant case being noted for nonjury trial on December 13, 1954; that subsequent to the docket setting he discussed the trial date with opposing counsel at a deposition hearing; and that "it would be disadvantageous to plaintiffs and work a hardship both financially and otherwise with respect to their causes of action if defendants be granted leave less than two weeks before trial to have said cause alloted on a jury calendar" since "on December 6, 1954, the presiding judge stated that in the event this cause was alloted

for jury trial, it could not be heard until February, 1955," and had it been known at the October 4 docket setting that the defendants wanted a jury trial, the cause could have been set down for trial in November, 1954.

As noted, the trial judge refused to allow a jury trial, and the cause proceeded to trial before the court, as scheduled, on December 13, 1954. The issue on this appeal is whether the trial court abused its discretion in thus refusing the defendants' request.

Section 5 of article II of the Illinois constitution provides that "The right of trial by jury as heretofore enjoyed, shall remain inviolate; * * *." This provision, construed by this court to mean the right of trial by jury as it existed at common law and as enjoyed at the adoption of the constitution, does not mean a jury trial shall be had in every case or preclude all restrictions on the exercise of that right. *Reese* v. *Laymon*, 2 Ill.2d 614.

Section 60 of the Practice Act of 1907 provided that "In all cases in any court of record in this State, if both parties shall agree, both matters of law and fact may be tried by the court." (Smith-Hurd Stat. 1933, chap. 110, par. 60.) Under this rule of practice, the parties were held not to have waived a jury unless they so agreed, either expressly or by going to trial before the court alone. *Reese* v. *Laymon*, 2 Ill.2d 614.

This was the status of the law in 1916 when *Lyman* v. *Kaul*, 275 Ill. 11, was decided, a case strongly relied upon by the defendants. In that case, this court held that an express jury waiver by an attorney was not effective under the circumstances to bind his out-of-State client who had specifically instructed him to have a jury.

Even apart from statutory changes, discussed hereafter, the foregoing case is not controlling here. For there the attorney took an affirmative action in direct violation of his client's instructions; and immediately upon learning of

this, the client, who lived in Utah and came to Chicago for the trial, secured other counsel and asked to have the jury waiver set aside.

At the time of the instant suit, section 64 of the Civil Practice Act read, in part, as follows: "A plaintiff desirous of a trial by jury shall make his demand for a jury in writing, and shall file such demand with the clerk at the time suit is commenced, and a defendant desirous of a trial by jury shall make such demand and file the same at the time of filing his appearance; otherwise such party shall be deemed to have waived a jury." Ill. Rev. Stat. 1953, chap. 110, par. 188.

Unlike the prior statute, this statute contemplates an affirmative action in order to *obtain* a jury trial. This procedure was sustained as against constitutional objections in *Stephens* v. *Kasten,* 383 Ill. 127, the court stating at page 133: "Of necessity, the need for a systematic order of procedure requires that there be regulation of the time when the right to a jury trial be requested."

However, even though a plaintiff does not file his jury demand "at the time suit is commenced," or a defendant "at the time of filing his appearance," this court has said that the right to have a jury is not necessarily foreclosed. It is held that by reason of section 59 of the Civil Practice Act and Supreme Court Rule 8, the trial court may, in its discretion and under certain circumstances, extend the time for filing the request for jury trial. See *Stephens* v. *Kasten,* 383 Ill. 127.

Section 59 reads: "Additional time may be granted on good cause shown, in the discretion of the court and on such terms as may be just, for the doing of any act or the taking of any step or proceeding prior to judgment in any civil action." (Ill. Rev. Stat. 1953, chap. 110, par. 183.) Supreme Court Rule 8 provides, in part, as follows: "The judge, for good cause shown on special motion after notice

to the opposite party, may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time." Ill. Rev. Stat. 1953, chap. 110, par. 259.8.

While the power of the legislature to regulate the right of jury trial in some reasonable manner has long been recognized in this State, this court has stated that a statute doing so "should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right." (*Morrison Hotel and Restaurant Co.* v. *Kirsner,* 245 Ill. 431, 433.) For this reason, in *Stephens* v. *Kasten,* 383 Ill. 127, a defendant in a negligence action was held entitled to a jury trial despite the failure to file a jury demand with the first pleading. But this decision turned on the particular factual situation there present, showing that the filing of a jury demand at a later date "did not tend to inconvenience the court or parties litigant or prejudice any rights in any manner whatsoever." (p. 135.) For the case had not been set for trial, and in fact was not tried before the court until some eleven months later. Moreover, the attorney who failed to request the jury initially was employed by an insurance carrier who was representing the defendant under a reservation of rights. In elaborating on this, the court said at p. 135: "It is obvious that the attorney from Springfield, who represented the insurance company, by his careless action, waived the rights of the appellants below. Although under most circumstances an attorney may bind his client by his acts, each case should stand upon its separate state of facts. It is apparent here that the only interest of the Springfield attorney was to protect the insurance company and provide a defense for the appellants. The fact that the appellants hired other attorneys to represent them indicates that they were dissatisfied with the actions of the

Springfield attorney and did not consent to the waiver of their rights under the constitution."

The defendants base their claim in large part upon the *Stephens case,* but its inapplicability to the case at bar becomes evident when significant differences are noted. Here, the parties were represented in court at the October 4 docket setting and agreed to have the case placed on the nonjury calendar for trial December 13. No request for a jury was heard thereafter until the early part of December, some two months later and just shortly before the trial date. And while at the October 4 docket setting the plaintiffs, had they known of the defendants' desire for a jury trial, could have had the case set down for trial in November or early December, on the other hand, had the defendants' request been honored, the earliest possible trial date would have been in February of the following year. That the plaintiffs would be inconvenienced by the delay was not disputed, nor did the defendants advance any reason or "good cause" other than to say their failure resulted from "misapprehension of the facts, mistake and inadvertence." On this record, we do not believe the trial judge abused its discretion in refusing the request for a jury trial. The defendants failed to comply with section 64 of the Civil Practice Act, and they do not show why their failure should be excused under section 59 of the Civil Practice Act and Rule 8 of this court.

The judgment of the Appellate Court is reversed, and the judgment of the circuit court of Vermilion County is affirmed.

*Appellate Court reversed; circuit court affirmed.*