**Betty LaLacker, Plaintiff-Appellee, v. Warner Eugene Stuckey, Defendant-Appellant.**

Gen. No. 10,435.

Third District.

April 11, 1963.

Ren C. Thurman, Black, Black & Borden, of Peoria, for appellant.

C. Eugene Taylor, of Canton, for appellee.

REYNOLDS, J.

This is an action under the Paternity Act. The cause was tried before the court without a jury and the court held the defendant was the father of the plaintiff's child. Thereafter, defendant filed his motion to reopen the case and to allow the defendant to testify. The motion was denied and the defendant appeals the judgment finding the defendant the father of the child and the order denying the motion to reopen. Defendant's theory on appeal is that plaintiff failed to prove her case; that defendant was deprived of a jury trial and the court erred in denying defendant's motion for leave to reopen for defendant to testify.

The evidence was conflicting. Plaintiff's testimony of sexual relations with the defendant during October and November of 1960, while not specifically denied by the defendant, was contradicted by his testimony as to other matters. He admitted taking the plaintiff to Waterloo, Iowa, but denied living with her at a hotel, denied intimacies with her in Waterloo, or later. A letter was placed in evidence signed "Sony Stuckey," but the defendant denies sending it. Ronnie Formhalls, a friend of the defendant, testified the plaintiff told him James Shyrock was the father. Other testimony was that Shyrock and plaintiff took blood tests in January 1961 to get married. Plaintiff's mother testified that defendant told her he was taking plaintiff to Waterloo to get married. This witness said plaintiff and defendant left about October 24, 1960 and returned November 13, 1960, and that plaintiff did not

date or go with any other man from November 13th, to December 31, 1960. The baby was born August 22, 1961. Her doctor testified, that based on reasonable medical certainty, the child could have been conceived between October 24th and November 13th 1960.

Defendant contends that where the mother swears the defendant is the father and the defendant swears that he is not, and they are of equal credit, the one offsets the other and unless there is other testimony which proves the preponderance for the plaintiff, the defendant should be acquitted. He cites several cases, but an examination of these cases shows they are not in point. In one, the plaintiff had been out riding with other men at or about the time of conception, had been drinking and did not know what had happened. In another, the only testimony as to paternity was by the plaintiff, which was denied by the defendant and there was unimpeached testimony of other witnesses strongly militating against the charge of paternity. The People v. Cutler, 200 Ill App 469. In another case cited by defendant, The People v. Rhoede, 198 Ill App 537, a full term child was born, and the evidence showed the plaintiff had had intercourse with other men, and that the intercourse with the defendant took place at a time that would make the child a seven months' child.

An action under the Paternity Act is a civil action and the rules of evidence as to civil cases are applicable. The plaintiff must prove her case by the greater weight of the evidence. The People v. Cutler, 200 Ill App 469. The instant case was tried before the court without a jury. Our courts have held with great uniformity, that where the evidence is conflicting, and the issues are issues of fact, a court, which has the opportunity of seeing and hearing witnesses and observing their demeanor and weighing their credibility, upon a finding as to a question of fact, that finding will not be disturbed by a reviewing court, unless

344

clearly and palpably against the weight of the evidence. This is true, even though the reviewing court might be inclined to find otherwise had it been in the position of the trial court. Hall v. Pittenger, 365 Ill 135, 6 NE2d 134; Page v. Keeves, 362 Ill 64, 199 NE 131; Greer and Carter Oil Co., 373 Ill 168, 25 NE2d 805; Warner v. Gosnell, 8 Ill2d 24, 36, 132 NE2d 526. The finding of the trial court is entitled to the same weight as the verdict of a jury. Weisberg v. United States Cas. Co., 288 Ill App 72, 78, 5 NE2d 846 (1937). In this case there is ample testimony to support the finding of the trial Court and this court cannot say the finding is against the weight of the evidence.

■■ The second contention of defendant, that he was deprived of a jury trial, is not supported by the record. There is nothing in the record to show that the defendant either in person or by his attorney ever requested a jury trial. The discussion between the Court and attorney for the defendant has been carefully read by this court and it shows that no motion, oral or written, for a jury trial was made for the defendant. The defense attorney opened the matter by stating he wanted to put something in the record and the discussion followed. If the purpose of putting something in the record was to show a denial of the defendant's right to a jury trial, it must fail in the light of the record which fails to show any demand or request for a jury trial. The Paternity Act itself provides for a jury trial upon demand of either the plaintiff or the defendant. Chap 106¾, Section 56, Ill Rev Stats (1961). Likewise, the Civil Practice Act provides for a jury trial upon demand. In both the Paternity Act and the Civil Practice Act, the jury demand should be made at the time of the initial pleading of the parties. But, upon reading the discussion between the trial court and defense counsel in this case, it is apparent that the trial court would have granted a jury trial if requested by the defendant.

The request was not made, the jury was waived, and the defendant has no right, on appeal, to raise the question. The matter of a continuance seems to be involved in the discussion between the trial court and defense counsel, but there is nothing in the record that the court refused the defendant a continuance.

■ The third matter urged as error is that the trial court refused to permit the case to be reopened for the defendant to testify. This court sees no merit in this contention. The defendant was defended by able and competent counsel of his choice. The defendant had an opportunity at the time of trial to testify if he desired. He did not choose to do so. After the trial was held and a verdict reached, unless there is newly discovered evidence that might probably change the verdict, the case should be closed. There is no allegation that the testimony of the defendant would be newly discovered evidence.

■ Finally, the argument that the record shows that the trial court was prejudiced against the defendant, is not supported by the record. Because of this argument, this court has carefully read the Report of Proceedings, the testimony and rulings therein, and we fail to find any justification for this argument. In our opinion, the defendant received a fair and impartial trial.

The judgment will be affirmed.

Affirmed.

CARROLL and ROETH, JJ., concur.