**Carmen Maria Trapani, Plaintiff-Appellee, v. Salvatore Joseph Trapani, Defendant-Appellant.**

**Gen. No. 10,994.**

Fourth District.

June 3, 1969.

Roscoe Bonjean, of Springfield (Carl T. Meyer, of counsel), for appellant.

Brown, Hay & Stephens, and Robert H. Blalock, of Springfield (Robert A. Stuart and Edward J. Cunningham, of counsel), for appellee.

SMITH, J.

The trial court entered a decree for divorce for plaintiff on the grounds of extreme and repeated cruelty and for other relief. The defendant now appeals on the ground that (1) the trial court erred in allowing the plaintiff to amend her complaint by alleging acts of cruelty occurring after the original complaint was filed and entering a decree thereon, and (2) that the trial court erred in denying the defendant's request for a jury trial of the issues. Neither error is well taken and the decree of the trial court is correct.

■ The original complaint in this case alleges three specific acts of cruelty on specific dates prior to the filing of the complaint and on other occasions. The suit was filed on October 11, 1966. On January 11, 1967, the plaintiff filed her amended complaint alleging that the parties became reconciled on October 22, 1966, and that after said reconciliation further acts of cruelty and threats were committed towards the plaintiff on November 22, 1966, December 23, 1966, and January 3, 1967. In the trial court's memorandum opinion and in the decree he found that acts of extreme and repeated cruelty were established on November 28, 1965, November 22, 1966, and March 15, 1967. It will be observed that only one of these acts was included in the original complaint and the other two were included in the supplemental and amended supplemental complaint. It is the defendant's position that no relief can be granted on the amended supplemental complaint for a cause of action which did not exist when the original complaint was filed. This position stems from the fact that the trial court in granting his decree found one act of cruelty existing at the time of the original complaint and two acts charged and established under the supplemental complaint. From this the defendant reasons that no cause of action existed under the original complaint as Illinois requires two acts of cruelty to establish a cause of action for divorce and since only one was established under the original complaint, the supplemental complaint did not aid it and the court granted the decree erroneously.

The answer to this position was rather succinctly stated more than 100 years ago in Davis v. Davis, 19 Ill 334 (1857), when the court stated at pages 342:

> "In the English ecclesiastical courts, it is every day's practice to introduce charges of adultery committed since the institution of the suit, by supplemental bill, and a sentence may be obtained on facts

not existing at the commencement of the suit . . . Where, then, the necessity of driving her to a supplemental bill, or a fresh suit, when all the matter can be determined as the pleadings stand?"

Defendant cites 71 CJS Pleading, § 330(c) and 41 Am Jur Pleading, § 265, for the proposition that where a complaint states no cause of action, it cannot be aided by a supplemental pleading setting up matters that have occurred after the commencement of the suit. Miller v. Cook, 135 Ill 190, 25 NE 756 is cited for the same proposition. These citations have no bearing on the case at bar for the very simple and cogent reason that the original complaint in this case did state a cause of action. The amended complaint stated a condonation and living together and further and additional acts of cruelty occurring after that date. This is a factual pattern wholly different from the authorities cited by the defendant and has no relation to the principle urged. In addition, in Kovac v. Kovac, 26 Ill App2d 29, 167 NE2d 281, the supplemental complaint charged adultery occurring after the filing of the complaint and the court granted the divorce on the supplemental complaint. In Rasgaitis v. Rasgaitis, 347 Ill App 477, 107 NE2d 273, the suit was brought for divorce on the grounds of extreme and repeated cruelty. Following the acts alleged, there was cohabitation. Thereafter, a supplemental complaint was filed alleging additional acts of cruelty. It was there contended that the original complaint did not state a cause of action and therefore the original complaint should have been dismissed. The Appellate Court repudiated this theory and in effect said that the refusal to give effect to the plaintiff's supplemental complaint in this case would be to hark back to the unfortunate situation which existed prior to the passage of our present Civil Practice Act where restrictive rulings on amendments frequently foreclose any cause of action because of the statute of limitations.

We are not impressed with the thought that we should return to the restrictive pleading practice of yester-years and require the filing of a new suit here.

 The second point raised by the defendant is that he was deprived of his right of trial by jury. This right is granted under our statute, c 40, § 8, Ill Rev Stats 1967. The time that it must be demanded is set out in our Civil Practice Act, Ill Rev Stats 1967, c 110, § 64(1), which reads in part ". . . A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer. Otherwise, the party waives a jury . . ." As stated in Stephens v. Kasten, 383 Ill 127, 133, 48 NE2d 508, 511, ". . . the need for a systematic order of procedure requires that there be regulation of the time when the right to a jury trial be requested." This is the legislative and the judicial policy of this State. As stated, however, in Hudson v. Leverenz, 10 Ill2d 87, 92, 139 NE 2d 255, 257, ". . . even though a plaintiff does not file his jury demand 'at the time suit is commenced,' or a defendant 'at the time of filing his appearance,' this court has said that the right to have a jury is not necessarily foreclosed." This statement is predicated upon the proposition that the right to a jury trial is a substantial right and that it ought not be foreclosed if there is a sound or substantial reason for waiving strict compliance with the statute. In the case at bar, the request for jury was filed more than six months after the original complaint and 3 months after the answer was filed and after the parties had appeared some eight times in court without once requesting a demand for a jury trial. Defendant seems to take the position that the burden is on the one resisting the motion for jury trial to show that there will be no inconvenience to anybody to grant the motion. In our judgment, this is a wrong approach. Ill Rev Stats 1967, c 110, § 59, stated: "On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of

any step or proceeding prior to judgment." While this paragraph may be said to indicate liberality, it should be pointed out that the obligation to show good cause rests with the one seeking relief and not with his opponent. The allowance or disallowance of the leave to file the demand late is within the sound discretion of the trial court. In Hudson v. Leverenz, 10 Ill2d 87, 139 NE2d 255, the court stated that the defendant did not advance any reasons or good cause other than to say their failure resulted from misapprehension of the facts, mistakes and inadvertence. In the case at bar, the defendant says that he had been advised by his attorneys that he was entitled to a jury trial and he would like to have one. He does not state that he was unaware of his right to jury trial or not so advised by his previous attorneys. He had been in court many times on various motions and in response to various petitions for temporary support and otherwise. If defendant felt a need for a jury that need was as apparent when his answer was filed as it was several months afterwards. Just because he now wants a jury cannot be ballooned into good cause for waiving the time limit. The promulgation of such a doctrine nullifies the statute. We cannot say that the trial court abused his discretion in denying the jury trial and cases cited by the defendant are readily distinguishable.

The judgment of the trial court is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.