THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES STEPHENS, Defendant-Appellant.

(No. 54190; )

First District—March 18, 1971.

Rogers, Garnett, Harth, Vital & Stroger, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Charles Stephens, was determined to be the father of LaPierre Williams, the child of the relatrix, Jacqueline Williams, in a proceeding under the Paternity Act. (Ill. Rev. Stat. 1967, ch. 106¾, par. 51 *et seq.*). Defendant seeks reversal on six different grounds.

We affirm.

Jacqueline Williams, the relatrix, testified that she had given birth to LaPierre Williams on June 27, 1968, being unmarried. She further testified that she had known the defendant for four years prior to their having sexual relations for the first time on September 27, 1967. She first missed her menstrual period on or about September 30, 1967. She testified to having had intercourse subsequently with defendant on October, 1967, and denied having had intercourse with any other man during the months of August, September or October, 1967.

Relatrix' mother testified that defendant had given her $200 to enable relatrix to have an abortion.

The defendant, testifying in his own behalf, denied ever having had intercourse with the relatrix but did admit having given her mother the

$200. He stated that the reason he paid the money was to stop being hounded and because he thought the Williamses were trying to shake him down.

The court, sitting without a jury, found for the relatrix and adjudged that defendant was the father of the child and ordered defendant to pay $20 weekly for support of the child.

The first issue raised by defendant is whether the trial court improperly denied his motion for a trial by jury. Both parties are guaranteed the right to a trial by jury in a proceeding under the Paternity Act. However, the demand for the jury trial must be made at the time of the initial pleading of the parties. Ill. Rev. Stat. 1967, ch. 106¾, par. 56.

Defendant admits that he did not so move. However, he asserts that under certain conditions he is still entitled to a jury trial. The Civil Practice Act, which governs in paternity actions in the absence of any contrary statement in the Paternity Act itself (Ill. Rev. Stat. 1967, ch. 106¾, par. 64), does allow a late motion for a jury trial. (Ill. Rev. Stat. 1967, ch. 110, par. 59; see also, Ill. Rev. Stat. 1967, ch. 110A, Supreme Court Rule 183). Under both the statute and the rule, the motion will be granted but only for good cause shown. In addition, there must be notice to the other party, and the court need grant such motion only in its discretion. See e.g. *Hudson v. Leverenz,* 10 Ill.2d 87, 139 N.E.2d 255.

■■ In this case the motion for a jury demand was not made following notice to plaintiff, nor was good cause shown by the defendant. Indeed, in this instance no cause was shown at all. The trial court did not abuse its discretion when it denied a motion for a jury trial. The defendant had appeared five times before the trial court without making any demand for a jury trial. See *Trapani v. Trapani,* 109 Ill.App.2d 202, 248 N.E.2d 294.

■■ Those cases cited by defendant which are outside this jurisdiction are inapposite. The jury-right cases under the Code of Criminal Procedure are likewise inapposite as a paternity action is civil, not criminal, *People ex. rel. Dalman v. O'Malley,* 43 Ill.App.2d 95, 192 N.E.2d 589.

❸ 3 The next contention of defendant is that his motion for a change of venue should have been granted. The procedural requirements of the Venue Act (Ill. Rev. Stat. 1967, ch. 146, par. 1 *et seq.*) were not followed as to having the petition in written form. Indeed, the defendant never did actually file a petition for a change of venue. He only requested an affidavit for a change of venue. Nor was the request for a change of venue made in apt time. As flexible as are today's pleading rules, a party litigant must still adhere to minimum standards of framing an issue.

Every application for a change of venue shall be by petition setting forth the cause of the application and praying a change of venue, which

petition shall be verified by the affidavit of the applicant. (Sec. 3 of the Venue Act (Ill. Rev. Stat. 1967, ch. 146, par. 3).) This procedure was not followed even though counsel had sufficient time prior to the start of the trial to file a verified petition in the proper form setting forth the necessary elements required under the statute. The failure to file such a written petition is fatal to defendant's position.

■■ The defendant's contention that the court erred in denying defendant's motion for a finding of not guilty at the close of the plaintiff's case is not borne out by the record. The evidence adduced, if believed by the court sitting as a trier of fact, established the necessary elements of liability. The trial court was correct in denying the defendant's similar motion at the close of trial for the same reason.

> "Our courts have held with great uniformity, that where the evidence is conflicting, and the issues are issues of fact, a court, which has the opportunity of seeing and hearing witnesses and observing their demeanor and weighing their credibility, upon a finding as to a question of fact, that finding will not be disturbed by a reviewing court, unless clearly and palpably against the weight of the evidence." *LaLacker v. Stuckey*, 40 Ill.App.2d 341, 344—5, 189 N.E.2d 676, 677.

The defendant also argues the court improperly permitted plaintiff to amend the complaint showing the date and birth of the child, and advances the argument that because the original pleading was verified, any subsequent pleadings must be verified.

■■ Sec. 35 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 35) requires that a subsequent pleading to a verified pleading must be verified itself (unless verification is excused by the court). In this instance the record discloses such verification was excused by the court when it allowed the amendment showing the birth of the child. The record further discloses that proof showed without contradiction the birth of the child. We, therefore, conclude that it was not error for the trial court to deny defendant's motion to quash.

As to the defendant's contention that the court denied him a fair trial, a review of the record discloses that the questions propounded by the judge could not be taken to indicate any hostility on his part toward the defendant.

We, therefore, hold that the findings of the court were correct, and affirm the decision of the trial court.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.