THE VILLAGE OF PARK FOREST, Plaintiff-Appellee, *v.* JACK WALKER, Defendant-Appellant.

(No. 60239; )

First District (4th Division)—September 10, 1975.

Posanski, Krohn & Jacobs, of Chicago (William O. Krohn, of counsel), for appellant.

Richard W. Hall and Henry X. Dietch, both of Park Forest (Richard W. Hall, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant was charged with driving an automobile under the influence of intoxicating liquor on July 31, 1972, at 5:55 p.m. A jury of six returned a guilty verdict. The trial judge entered judgment on the verdict and assessed a fine of $500.

Defendant claims on appeal that he was denied a fair trial (a) by denial of a 12-man jury; (b) by improper argument of plaintiff's counsel; and (c) by prosecution as a civil matter, under a village ordinance for driving under the influence of intoxicating liquor. Defendant also claims on appeal that there was insufficient credible evidence to support the judgment.

Defendant was driving westbound on Sauk Trail near its intersection with Orchard Street in the Village of Park Forest. Sauk Trail is a four-lane road at this point, two lanes in each direction. Defendant was proceeding in the inner lane. Ahead of him was a white Ford Van driven by Bill Langford and ahead of the Ford Van was a green Mustang driven by Ruth Mussen. In the outer lane, also westbound, was an automobile driven by Barbara Carlson who was indicating an intention to turn left at Orchard Street.

Defendant, in his brief and oral argument before this court insists that he demanded trial by a jury of 12. The plaintiff, hereinafter referred to as the Village, in its brief, claims that the defendant erred and misled the court when he intimated that he filed a jury demand for 12 jurors. ■■ Section 64 of the Civil Practice Act provides:

"A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer. Otherwise, the party waives a jury." Ill. Rev. Stat. 1971, ch. 110, par. 64.

Article I, section 13 of the 1970 Illinois Constitution provides that: "The right of trial by jury as heretofore enjoyed shall remain inviolate." The Illinois Supreme Court has held in numerous decisions that the phrase "as heretofore enjoyed" refers to a jury composed of 12 jurors. The Illinois Supreme Court, quoting *Hudson v. Leverenz*, 10 Ill 2d 87, 92, 139 N.E.2d 255, 257 (1956), said in *Trapani v. Trapani*, 109 Ill.App.2d 202, 206, 248 N.E.2d 294, 297 (1969): " '* * * even though a plaintiff does not file his jury demand "at the time suit is commenced," or a defendant "at the time of filing his appearance," this court has said that the right to have a jury is not necessarily foreclosed.' This statement is predicated upon the proposition that the right to a jury trial is a substantial right and that it ought not be foreclosed if there is sound or substantial reason for waiving strict compliance with the statute."

■■ The record of this appeal is voluminous and demonstrates that both parties presented their arguments well. In their zeal, however, they failed to call the trial court's attention to the provisions of the statutes. The trial court erred when it denied this defendant the right to a 12-man jury.

■■ In his argument to the jury, plaintiff's attorney argued defendant's refusal to take a breathalizer test. In spite of the objection of plaintiff's counsel, the trial court permitted said argument. The Statute specifically provides that such evidence is inadmissible. Section 11—501(h) of the Illinois Vehicle Code Provides:

"(h) Evidence of a refusal to submit to a chemical test is inadmissible in any civil action or proceeding, or criminal action under Section 11—501 of this Chapter or in any action brought against him for a violation of a local ordinance prohibiting driving a motor vehicle while under the influence of intoxicating liquor. However, nothing in this paragraph (h) shall prevent the admission of evidence of such refusal in a hearing on the suspension of a person's privilege to operate a motor vehicle under Section 2—118 of this act as amended." (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501(h).)

It was error for the plaintiff's attorney to refer and comment upon the defendant's failure to take a breathalizer test.

■■ Defendant further claims that prosecution under the village ordinance deprived him of substantial constitutional rights. In this respect we agree with the argument presented by the Village. In Illinois a person

can be prosecuted for driving under the influence of an alcoholic beverage under a civil "petty offense" type ordinance. The driving under the influence of an alcoholic beverage ordinance of the Village of Park Forest (plaintiff) has been reviewed by the Supreme Court of Illinois in the cases of *Village of Park Forest v. Bragg*, 38 Ill.2d 225, 230 N.E.2d 868 (1937); and *Village of Park Forest v. Wojciechowski*, 29 Ill.2d 435, 194 N.E.2d 346 (1963). The defendant failed to state where such a classification is illegal or unconstitutional.

■■ Plaintiff's attorney presented a chart to the jury showing defendant's car turned in a direction contrary to the evidence. This chart was not in evidence and should not have been presented. This chart gave the jury the impression that defendant's car turned into the Van ahead, rather than that it indicated an act of attempted avoidance as testified by the witnesses.

Plaintiff's attorney, also in his closing argument, referred to a man present at the scene. The attorney argued that one of the plaintiff's witnesses stated: "We don't know who that man was, but Jack [Walker] knows.—He didn't produce him in court." This argument was inaccurate. The record shows that the only person known to the defendant, present at the scene, who also came to the police station, was Mr. Rosenblum, who was produced by and testified for the defendant.

■■ In his final argument the defendant claims that there was insufficient credible evidence to support the verdict. We agree. The record shows considerable differences in the testimonies of the witnesses for each of the parties to this appeal, and in addition, in view of our statements above pointing out trial errors, we are reversing the judgment of the Circuit Court of Cook County.

Judgment reversed.

DIERINGER, P. J., and JOHNSON, J., concur.