Raymond W. Dawson, Plaintiff-Appellee, v. Jack Maxwell and George Carl Wright, Defendants. Jack Maxwell, Defendant-Appellant.

Gen. No. 10,090.

Third District.

April 15, 1957.

Released for publication May 1, 1957.

Chester Thomson and Alan Wienman, both of Bloomington, for appellant.

Herrick and Rudasill, of Clinton, for appellee; Wirt Herrick and A. J. Rudasill, both of Clinton, of counsel.

JUDGE ROETH delivered the opinion of the court.
Plaintiff Raymond Dawson sued defendants Jack Maxwell and George Wright for damages for personal injuries received in a fist fight. The charge in the complaint is that defendant Maxwell struck the plaintiff and defendant Wright incited, aided and abetted the striking. The case was tried before the court without a jury. The court found defendant Wright not guilty and defendant Maxwell guilty and fixed plaintiff's damages at $2,500. After overruling post trial motions, judgment was entered for plaintiff and

against defendant Maxwell for the above amount. This appeal by the defendant Maxwell followed.

Two grounds for reversal are assigned by defendant, namely: (1) the court erred in refusing to grant a jury trial (2) the judgment is against the manifest weight of the evidence. Counsel for defendant both in their briefs and upon oral argument rely principally upon the first ground above noted.

The record in the case at bar reveals that the complaint was filed on December 27, 1954. No jury trial was demanded. On January 14, 1955 the defendants appeared by two attorneys and filed a motion to dismiss the complaint and to dismiss certain paragraphs thereof. February 1, 1955 this motion was set for hearing on February 9, 1955. On that day arguments were heard on the motion and the cause was taken under advisement. On February 10, 1955 a written demand for jury trial was filed by the defendants. This demand reflects, for the first time, the presence of a new attorney as counsel for defendants in addition to those representing defendants at the time suit was commenced. Subsequently on February 26, 1955, as reflected by the common law record, the written demand for jury trial was noted as being on file, the motion to dismiss was denied and defendants were ruled to plead by April 1, 1955. On March 19, 1955 a demand for bill of particulars was filed by the defendants. Plaintiff subsequently complied with this demand by filing a bill of particulars on March 28, 1955.

On March 16, 1955 counsel for defendants obtained leave of court to file a motion for jury trial together with affidavit in support thereof, the same to be filed by March 25, 1955. Pursuant to the leave thus granted, on March 22, 1955 defendants filed a written motion for allowance of jury trial which motion was supported by the affidavit of one of the attorneys of record for defendants. The affidavit sets up the employment by

229

defendants of the additional counsel and that he discovered the absence of a jury demand whereupon he placed the demand for jury trial of February 10 on file. The affidavit further recites the fact that the pleadings are not settled, the case is not at issue and not ready for trial. The affidavit further recites that the failure to file a demand for jury trial was due to an oversight of affiant and his associate counsel and was overlooked because counsel were under the impression that the plaintiff had demanded a jury trial. Thereafter on March 28, 1955 plaintiff filed a motion to strike defendants' jury demand. The only ground assigned in said motion was that the demand was not filed when defendants first appeared.

Pursuant to the rule to plead defendants filed their separate answers on March 29, 1955 to which replies were filed on May 23, 1955. On May 19, 1955 the court sustained plaintiff's motion to strike the jury demand and struck the same and denied defendants' motion for leave to file jury demand.

Nothing further appears to have been done in this case until October 27, 1955 when the case was set for trial before the court on November 21, 1955 at which time it was tried.

We approach the claimed error in refusing to grant a jury trial with the recent opinion of Supreme Court in Hudson v. Leverenz, 10 Ill.2d 87, 139 N.E.2d 255, before us. In that case the court noted:

"However, even though a plaintiff does not file his jury demand 'at the time suit is commenced,' or a defendant 'at the time of filing his appearance,' this court has said that the right to have a jury is not necessarily foreclosed. It is held that by reason of section 59 of the Civil Practice Act and Supreme Court Rule 8, the trial court may, in its discretion and under certain circumstances, extend the time for filing the request for jury trial. See Stephens v. Kasten, 383 Ill. 127."

The court further observed:

"While the power of the legislature to regulate the right of jury trial in some reasonable manner has long been recognized in this State, this court has stated that a statute doing so 'should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right.' (Morrison Hotel and Restaurant Co. v. Kirsner, 245 Ill. 431, 433.) For this reason, in Stephens v. Kasten, 383 Ill. 127, a defendant in a negligence action was held entitled to a jury trial despite the failure to file a jury demand with the first pleading. But this decision turned on the particular factual situation there present, showing that the filing of a jury demand at a later date 'did not tend to inconvenience the court or parties litigant or prejudice any rights in any manner whatsoever.' (p. 135.) For the case had not been set for trial, and in fact was not tried before the court until some eleven months later."

We believe that the gist of the Supreme Court's opinion in Hudson v. Leverenz, supra, is that each case, where this question arises, must be judged upon its own facts. Under the factual situation appearing in that case wherein it was not disputed that plaintiffs would be inconvenienced by the granting of a jury trial, the Supreme Court concluded that the trial judge did not abuse his discretion in refusing the request for jury trial.

It is recognized that the trial judge, in extending or refusing to extend the time for filing a demand for jury trial, is called upon to exercise discretion. However, the discretion thus vested in the trial judge is a judicial one and its exercise is subject to review.

The record here, in our opinion, presents a case wherein there is nothing in the record tending to show that the granting of a jury trial would tend to inconvenience the court or parties litigant or prejudice

231

■■■■■■■■■■■■■

any rights in any manner whatsoever. Had such been the fact, counsel for plaintiff could well have brought the same to the attention of the court by counter-affidavit as was done in Hudson v. Leverenz, supra. Under the factual situation appearing in the record before us, we hold the opinion that the trial court should have granted a jury trial and that its failure to do so constituted an abuse of discretion and was error. This holding makes it unnecessary to consider the second assignment of error.

Accordingly the case will be reversed with instructions to allow the demand of the defendant Maxwell for jury trial and to grant him a new trial before a jury.

Reversed and remanded.