BERNARD CHRISTENSON *et al.*, Plaintiffs-Appellants, v. DAVID RINCKER, Defendant-Appellee.

Fifth District    No. 5—96—0266

Opinion filed May 16, 1997.

William R. Tapella II, of Shick & Tapella, of Charleston, for appellants.

Edward T. Graham, Jr., of Hershey, Beavers, Periard, Graham & Fines, of Taylorville, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On April 24, 1992, plaintiff Bernard Christenson was driving on Illinois Route 16 with his wife, plaintiff Cynthia Christenson, as a passenger when their vehicle struck a cow on the roadway. The cow was owned by defendant, David Rincker. Both plaintiffs were injured as a result of this collision and filed suit against defendant. At trial, the primary issue of contention was whether defendant used reasonable care in restraining his cow from running at large. The jury returned a verdict for defendant. On appeal, plaintiffs pose three issues for this court: (1) whether the trial court erred in the determina-

tion of the burden of proof when it refused plaintiffs' tendered instruction and, as claimed by plaintiffs, imposed on plaintiffs the burden of disproving defendant's affirmative defense under the statute; (2) whether defense counsel's references to insurance during *voir dire* and in closing argument constituted reversible error; and (3) whether the trial court erred in granting defendant's motion for leave to file a late jury demand. We reverse and remand for a new trial based on our disposition of issue one.

## FACTS

Since we reverse and remand on the basis of issue one, the burden of proof problem, the following statement of facts will deal with the factual basis necessary for dealing with the burden of proof argument and the argument concerning the jury demand. We presume that any reference to insurance will not recur upon retrial.

Plaintiffs filed an amended complaint which was responded to by a motion to dismiss and ultimately answered after denial of that motion. Neither plaintiffs' amended complaint nor defendant's answer included a demand for jury trial. Approximately six months after defendant's answer, defendant filed a motion to allot cause for jury trial. At the hearing on that motion, defendant's counsel argued that the parties had discussed this case going to a jury at a hearing on September 27, 1994, the subject of which was defendant's motion to dismiss. On November 1, 1994, the court entered a scheduling order that set this case for jury trial the next May. The trial court agreed with defense counsel as to the September 27, 1994, discussion and in the exercise of its discretion granted defendant's motion for jury trial. The court noted that the September 27, 1994, discussion occurred prior to defendant's filing of his answer, that the November 1, 1994, scheduling order set the case for jury trial, and that the parties were operating under the assumption that this cause would be tried to a jury. Accordingly, the court found good cause and allowed the motion for jury trial, stating it was a close question and the court was exercising its discretion. Our review of the transcript of the hearing on September 27, 1994, indicates that the jury status of this case was not discussed, but the November 1, 1994, scheduling order did set the matter for jury trial. As noted above, this case ultimately went to trial by jury. During the instruction conference, plaintiffs tendered their instruction two, a modified version of Illinois Pattern Jury Instructions, Civil, No. 21.03 (3d ed. 1989) (hereinafter IPI Civil 3d No. 21.03), which the trial court refused. That instruction provided, in part, that "in this case the defendant has asserted the affirmative defense that: (a) the defendant's livestock were running

at large without his knowledge; and (b) the defendant used reasonable care in restraining his livestock from so running at large," and that defendant has the burden of proving each of these propositions. The circuit court gave defendant's version of IPI Civil 3d No. 21.03, which stated that plaintiffs had the burden of proving "that the defendant did not use reasonable care to restrain his cattle from running at large." The case was submitted to the jury, which returned a verdict in favor of defendant. Plaintiffs filed a post-trial motion, which was denied by the circuit court, and timely filed this appeal.

## ISSUES

## I. BURDEN OF PROOF

Plaintiffs contend that the court committed prejudicial error in its choice of a burden of proof instruction. Specifically, they argue that the trial court improperly placed upon plaintiffs the burden of disproving the affirmative defenses of defendant rather than properly treating them as affirmative defenses on which defendant had the burden. Defendant argues that the trial court properly apportioned the burden of proof, and that even if said apportionment was improper, the evidence so overwhelmingly favored defendant that such error would be harmless. We agree with plaintiffs.

■ The statute under which this case was tried is the Illinois Domestic Animals Running at Large Act (Act) (510 ILCS 55/1 *et seq.* (West 1994)), which provides, in pertinent part:

> "§ 1. No person or owner of livestock shall allow livestock to run at large in the State of Illinois. All owners of livestock shall provide the necessary restraints to prevent such livestock from so running at large and shall be liable in civil action for all damages occasioned by such animals running at large; Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large." 510 ILCS 55/1 (West 1994).

The history of this statute and its evolution to its present form provides an essential background to the determination of this appeal.

Our supreme court in *McKee v. Trisler*, 311 Ill. 536, 143 N.E. 69 (1924), traced the history of the Act up to a point prior to the 1931 amendment. Our supreme court noted:

> "It was the rule of the common law that the owner of domestic animals such as cattle was bound at his peril to keep them off the lands of other persons or respond in damages for their trespasses.

No man was bound to fence his close against an adjoining field, but every man was bound to keep his cattle in his own field at his own peril, and it made no difference that he was guilty of no actual negligence in not properly guarding them or that they escaped against his will and without such negligence." *McKee*, 311 Ill. at 542, 143 N.E. at 71.

The Illinois General Assembly in 1871 prohibited domestic animals from running at large but also provided for local option on the subject. 1871-72 Ill. Laws 118. In 1895 the General Assembly eliminated the local option provision and provided in section 1, "hereafter it shall be unlawful for any animal of the species of horse, ass, mule, cattle, sheep, goat, swine or geese to run at large in the State of Illinois." 1895 Ill. Laws 4. The effect of this act was to restore the common law rule in Illinois requiring the owner of domestic animals to keep them off the lands of another and making the owner liable for any trespasses.

In 1931 the General Assembly amended the statute from one of strict liability for damages caused by animals running at large. That statute was subsequently analyzed in *Estes v. Maddrell*, 208 Ill. App. 3d 813, 566 N.E.2d 916 (1991), in which a vehicle collided with the defendant's bull. The trial court granted summary judgment for the defendant. In modification of the strict liability nature of the prior statute, the effect of the 1931 amendment and the *Estes* court's construction of the present act is:

"[A]n owner or keeper of livestock will not be held liable if he meets a two-part test: (1) if he is able to establish that he used reasonable care in restraining his livestock; and (2) that he did not have knowledge that the animal was running at large." *Estes*, 208 Ill. App. 3d at 816, 566 N.E.2d at 918.

In application of this standard the court noted:

"The intent of the legislature in enacting this law was to encourage owners of livestock to restrain their animals so as to prevent accidents. Those livestock owners that allow their animals to roam free will be liable to others for the damage the animals cause. Those that are not aware that their animals are running free *and* can demonstrate that they used reasonable control in restraining their animals will not be held liable." (Emphasis in original.) *Estes*, 208 Ill. App. 3d at 817, 566 N.E.2d at 919.

As indicated by the clear language of the statute in its present form and as noted in the analysis of the statute by the *Estes* court, the animal owner must establish these two points in order to escape liability.

The Fifth District Appellate Court has similarly construed the Act in *O'Gara v. Kane*, 38 Ill. App. 3d 641, 348 N.E.2d 503 (1976).

O'Gara brought suit for personal injuries suffered when the automobile in which he was a passenger collided with a horse owned by defendant. In discussing the Act, the court noted:

"The statute was amended by the addition of the proviso that an owner would not be held liable if able to prove that he used reasonable care in restraining his animals and if he was without knowledge that they were running at large." *O'Gara*, 38 Ill. App. 3d at 643, 348 N.E.2d at 506.

At this point some confusion comes into the analysis of this statute, starting with the court decision in *Guay v. Neel*, 340 Ill. App. 111, 91 N.E.2d 151 (1950), cited by the *O'Gara* court. The *Guay* court stated:

"The burden was on plaintiff to prove her case by a preponderance of the evidence. She made out a prima facie case. The proof to be established under the proviso [amendment] was within the knowledge of the defendant and not the plaintiff. Having made out a prima facie case, the burden of proceeding shifted to the defendant. The burden of proof remained, however, on the plaintiff." *Guay*, 340 Ill. App. at 118, 91 N.E.2d at 154.

The *O'Gara* court, relying on *Guay*, stated: "[H]aving made out a prima facie case[,] the burden of proceeding shifted to the defendant. The burden of proof, however, remained on the plaintiff." *O'Gara*, 38 Ill. App. 3d at 644, 348 N.E.2d at 506. The court in *Abadie v. Royer*, 215 Ill. App. 3d 444, 574 N.E.2d 1306 (1991), further complicated this analysis of the statute by misconstruing *O'Gara*. The *Abadie* court stated:

"To recover under this statute, plaintiff must allege and prove that defendants did not use reasonable care in restraining the animal and that defendants had no knowledge that the animal was running at large." *Abadie*, 215 Ill. App. 3d at 450, 574 N.E.2d at 1310.

Accordingly, viewing the jurisprudence through the time of the *Estes* and *Abadie* decisions, one had cases indicating that the plaintiff must prove that the defendant animal owner did not use reasonable care in restraining the animal and that the animal was running at large (*Abadie*), and that the defendant animal owner had to prove he was not aware that the animal was running at large and that the owner used reasonable control in restraining the animal to escape liability (*Estes*).

Our analysis of the language of the statute leads us to the conclusion that the *Estes* case and the first *O'Gara* analysis are the proper ones. The language of the statute clearly indicates a general provision against an owner of livestock allowing that livestock to run at large and a duty to restrain the animals with subsequent liability for

damage caused by failure to do so. The language after "Provided" is an escape clause for the owner of such animal with two requirements: that the running at large was without the knowledge of the owner and that the owner "can establish that he used reasonable care in restraining such animals from so running at large." Those two provisos in the statute constitute affirmative defenses and should be so construed and when the cause is to be tried by a jury should be so treated in the instructions.

■ We agree with the decision made in *Nevious v. Bauer*, 281 Ill. App. 3d 911, 667 N.E.2d 1074 (1996), stemming from a situation in which a car hit a bull. That court stated that the burden of proof concerning the exercise of due care in restraining the animals and lack of knowledge clearly was the burden of the defendant. The court held:

> "[O]nce plaintiff has established his case in chief, the burden of proof shifts to the defendants to establish both the exercise of due care in restraining the livestock and lack of knowledge it had escaped. Such interpretation, we believe, comports to the legislative intent of balancing interests." *Nevious*, 281 Ill. App. 3d at 916, 667 N.E.2d at 1078.

We adopt that holding. It clearly reflects the intent of the General Assembly in amending what would otherwise be a strict liability statute. Our court and the *Nevious* court would place the burden of proof of those defenses by which a defendant owner or keeper of livestock can escape liability on the party that would benefit by the proof of those defenses, the owner or keeper of livestock. To construe the Act and prior cases so as to place the burden of proof on plaintiffs of elements that enure only to the benefit of defendant would be irrational and clearly not the intent of the General Assembly. As our supreme court has noted in *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 557, 591 N.E.2d 427, 430 (1992), we are constrained to interpret statutes so they do not lead to absurd results.

■ In the instant case, the trial court erred in giving defendant's instruction on the burden of proof and refusing plaintiffs' instruction, which properly allocated the burden of proof of the affirmative defenses to defendant. Accordingly, this cause must be reversed and remanded for new trial.

## II. JURY DEMAND QUESTION

■ Our statutes require that a demand for jury trial be filed by the time a party is required to answer. 735 ILCS 5/2—1105 (West 1994). When a motion for late demand for jury trial is decided, the court must exercise its discretion and grant the motion only if it finds that good cause was shown. *Greene v. City of Chicago*, 73 Ill. 2d

100, 382 N.E.2d 1205 (1978). In the *Greene* case our supreme court noted that the courts traditionally have given a liberal construction to the statute regulating the right to trial by jury. The court, in reviewing the appellate court cases decided since *Hudson v. Leverenz*, 10 Ill. 2d 87, 139 N.E.2d 255 (1956), noted two lines of decisions. One line posited a test that there must be no inconvenience to the court or to the litigants and the absence of any prejudice to any person in order for the motion to be granted. The second line of cases construed the test as not only the absence of inconvenience or prejudice but also a demonstration of good cause shown to excuse the time requirements for filing a jury demand. The supreme court held that, "in addition to showing that no inconvenience or prejudice would result from the late filing of the demand[,] it was necessary that good cause be shown for failure to comply with the statute." *Greene*, 73 Ill. 2d at 107, 382 N.E.2d at 1209. In the instant case, defendant based his argument and the trial court based its decision on defendant's representation that the hearing of September 27, 1994, reflected a general understanding or agreement that this cause would be tried before a jury and on the November 1, 1994, scheduling order. As stated earlier in the statement of facts, a review of the transcript of the proceedings on September 27, 1994, shows no such agreement or understanding, but a jury setting was contained in the November 1, 1994, order. The court used both as bases for its decision and also relied on what it characterized as the parties operating under an assumption that this would be a jury trial. Although one of the court's factual bases for the exercise of its discretion was in error, given the other bases we cannot say the court abused its discretion in allowing the motion for jury trial.

In light of our determination of issues one and three urged by plaintiffs, we need not consider issue two concerning references to insurance.

For the foregoing reasons, the judgment of the circuit court of Shelby County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

CHAPMAN and MAAG, JJ., concur.