No. 3--09--0839

Opinion filed February 10, 2011

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2011

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL | ) | Appeal from the Circuit Court |
| INSURANCE COMPANY as subrogee of | ) | of the 13th Judicial Circuit, |
| BENJAMIN DAVID JUDAY, | ) | La Salle County, Illinois, |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 05--LM--808 |
| | ) | |
| DAVID ALBERS, | ) | Honorable |
| | ) | James A. Lanuti, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices Holdridge and Wright concurred in the judgment.

**OPINION**

The plaintiff, American Family Mutual Insurance Company as subrogee of Benjamin David Juday, filed complaint against the defendant, David Albers, under the Illinois Domestic Animals Running at Large Act (Act) (510 ILCS 55/1 (West 2002)) for damages sustained when Juday's vehicle collided with the defendant's cow. After a jury trial, a judgment was entered in favor of the defendant. The plaintiff filed a motion for judgment not withstanding the verdict (JNOV), which the trial court denied. On appeal, the plaintiff argues that: (1) the

trial court erred by denying his motion for JNOV; (2) the finding for the defendant was against the manifest weight of the evidence; and (3) the defendant failed to plead reasonable care as an affirmative defense.  We affirm.

FACTS

On October 31, 2003, at 10:45 p.m., Juday was driving northbound on Route 39, approaching mile marker 75, in a pickup truck insured by the plaintiff when he collided with a cow owned by the defendant.  Juday incurred property damage and car rental expenses.  On November 4, 2005, the plaintiff filed a complaint alleging a violation of the Act.

At trial, the plaintiff's attorney indicated in his opening statement that the defendant would not be able to show "that what he did in any way was actually reasonable for restraining his cattle."  In his opening statement the defendant's attorney indicated that the case would turn on whether the defendant "exercise[d] reasonable care in harboring the animals."  He stated, "What this case is going to come down to is *** you are going to have to decide whether or not what [the defendant] did in restraining his cattle was quote, unquote, reasonable."  He also stated, "[w]e believe the evidence is going to show that [the defendant] was exercising reasonable care."

Following opening statements, the plaintiff's attorney called the defendant to testify as part of its case-in-chief. The plaintiff's attorney questioned the defendant about the type of fencing surrounding his farm, the condition of the fencing,

2

and repairs and maintenance done to the fencing. The plaintiff's attorney also questioned the defendant as to whether he could have taken measures to make the section of fence that failed in this incident more secure and whether he could have built another fence, ditch, or wall on his property to restrain his cattle.

In responding to the plaintiff's direct examination, the defendant testified that on the date of the incident his family owned a 120-acre farm that was divided by Route 39 and located near mile marker 75 in La Salle County. On the farm, the defendant grew crops and raised cows. At the time of the incident, the defendant had 50 head of cattle, with each cow weighing approximately 1,100 to 1,200 pounds. The defendant's farm was surrounded by fencing. Some of the fencing was owned, erected, and maintained by the defendant. The fencing involved in this incident paralleling Route 39 was owned and maintained by the State of Illinois, which was a woven wire fence with two strands of barbed wire along the top.

Prior to leaving for a Halloween event on the day of the incident, the defendant put the cows out to pasture. Before moving the cows, the defendant checked the fence. While the defendant was at the Halloween event, he received a telephone call informing him that his cattle escaped. He went home and saw that his cattle had escaped onto Route 39. The cattle escaped through a 15-foot section of fence that appeared to have been knocked down from the cattle smashing it forward. The defendant's cattle had escaped in the past but never onto Route

3

39. The defendant testified that a fence cannot be built to hold cows because they can knock down anything in their way, similar to a car crashing through a fence.

The defendant also testified that the State of Illinois was responsible for the section of fence involved in this matter. Over the course of the winter, the same section of fence would become crushed by snow and water. Each spring, the defendant called the State of Illinois to inspect the fence and make any necessary repairs to its fence along Route 39.

On cross-examination, the defendant testified that in 1977, the State of Illinois erected the fence that paralleled Route 39. He had been using the fence to restrain cattle since that time. The section of fence from which the cows had escaped had been repaired in the past. The defendant never had any problems with that section of fence in the fall or summer seasons.

After the plaintiff rested its case, the defendant's attorney called the defendant to testify. The defendant testified that he had been working on the farm for over 50 years. Prior to the incident in this case, cattle had escaped from the defendant's property through his five-strand barbed wire fence that he erected elsewhere on the property, but never through the State's fencing involved in this case. Each spring, the defendant would contact the Illinois Department of Transportation (IDOT) to send someone to inspect the fence and to make any necessary repairs to the fence along Route 39 before releasing his cattle into open pasture. The defendant would also call IDOT

4

at other times if repairs were necessary. IDOT was prompt at attending to the fence and did a good job of fixing it. The defendant or one of his four sons would inspect the pasture fence along Route 39 every day. The defendant had never been informed by the State of Illinois that the fence should not be used to restrain cattle, but the State did not ever indicate to him that the fence could be used to restrain his cattle. His cattle roamed near the fence since it was erected in 1977.

The plaintiff moved for a directed verdict on the issue of liability. The plaintiff's attorney argued that the defendant provided no evidence that his reliance on the fence was reasonable. The defendant's attorney argued that the defendant's reliance on the fence was reasonable. The trial court denied both motions, indicating that it was for the jury to decide the issue of whether the defendant used reasonable care to restrain his cattle.

In discussing jury instructions, the plaintiff's attorney did not object to the defendant's jury instruction number 11, regarding an owner or keeper of an animal, which included language that "defendant contends that at all relevant times he used reasonable care to restrain his cow and that he did not know the cow was running at large." The plaintiff's attorney did not object to the defendant's jury instruction number 12 regarding reasonable care. The plaintiff's attorney did not object to the defendant's jury instruction number 6 indicating that if the jury found that the defendant proved that he was unaware that his cow

5

was running at large and that he used reasonable care to restrain his cow, then the jury's verdict should be for the defendant.

The jury found in favor of the defendant.  The trial court denied the plaintiff's JNOV motion.  The plaintiff appealed.

ANALYSIS

On appeal, the plaintiff argues that: (1) the trial court erred by denying his JNOV motion; (2) the finding for the defendant was against the manifest weight of the evidence; and (3) the trial court erred by allowing the defendant to argue reasonable care because the defendant failed to affirmatively plead reasonable care as an affirmative defense.

We agree with the plaintiff that the defendant was required to plead and prove the issue of his exercise of reasonable care as an affirmative defense.  The test for whether a defense is an affirmative defense is whether the defense gives color to the opposing party's claim and then asserts new matter by which the apparent right is defeated.  *Vanlandingham v. Ivanow,* 246 Ill. App. 3d 348 (1993); *Worner Agency, Inc. v. Doyle,* 121 Ill. App. 3d 219 (1984).

In this case, reasonable care on the part of the defendant constituted an affirmative defense.  Pursuant to the Act:

"No person or owner of livestock shall allow livestock to run at large in the State of Illinois.  All owners of livestock shall provide the necessary restraints to prevent such livestock from so running at large and shall be liable in civil action for all damages occasioned by such animals

6

running at large; Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large." 510 ILCS 55/1 (West 2002).

The Act provides innocent owners relief from harsh consequences of strict liability by providing the exception where an owner acted with reasonable care in restraining the animal and did not know of the animal's escape. *Nevious v. Bauer,* 281 Ill. App. 3d 911 (1996). Once the plaintiff establishes a *prima facie* case that damage was caused by the defendant's livestock running at large, the burden of proof shifts to the defendant to prove the exercise of due care in restraining the livestock and lack of knowledge that it had escaped. *Nevious*, 281 Ill. App. 3d 911. Due to the burden shifting to prove reasonable care and lack of knowledge, those two provisos constitute affirmative defenses and must be affirmatively pled and proved. *Corona v. Malm,* 315 Ill. App. 3d 692 (2000); *Christenson v. Rincker,* 288 Ill. App. 3d 185 (1997).

Facts constituting any affirmative defense, which if not expressly stated in the pleading would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply. See 735 ILCS 5/2--613(d) (West 2008). However, an objection that an issue was not raised in the pleadings may be

7

waived by conduct at trial of the objecting party or by introduction of evidence on the issue. *Vanlandingham,* 246 Ill. App. 3d 348; *LaGrange Federal Savings and Loan Ass'n v. Rock River Corp.,* 97 Ill. App. 3d 712 (1981). The plaintiff waives objection to the insufficiency of the defendant pleading an affirmative defense by failing to object in the trial court. *Fitzpatrick v. City of Chicago,* 112 Ill. 2d 211 (1986).

Here, the plaintiff has waived any objection to the defendant's failure to plead reasonable care as an affirmative defense by failing to object at trial. The record indicates that the defendant's theory throughout trial was that the plaintiff's claim would be defeated because he had used reasonable care to restrain his cattle. The issue of whether the defendant exercised reasonable care was discussed by both parties in opening statements and in their closing arguments. Further, the plaintiff questioned the defendant as part of its own case-in-chief on the issue of the defendant's use of reasonable care. Both parties argued the issue in the context of the motions for directed verdict. Moreover, the plaintiff did not object to the defendant's proffered jury instructions discussing reasonable care. There was no surprise in the defendant's assertion of reasonable care as a defense.

As for the plaintiff's remaining issues on appeal, there was sufficient evidence to support the trial court's denial of the plaintiff's JNOV motion, and the finding for the defendant was not against the manifest weight of the evidence. A JNOV motion

should be granted if all the evidence, when viewed in a light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill. 2d 494 (1967). A motion for new trial shall be granted if the jury verdict was against the manifest weight of the evidence. *Smith v. Marvin*, 377 Ill. App. 3d 562 (2007).

At trial, there was no dispute that the defendant's cows were running at large and the defendant owned the cow involved in this case. Sufficient evidence was presented to show that the defendant did not have knowledge that the cow was running at large and that he used reasonable care in restraining the cow from so running at large.

Specifically, the evidence indicated that the fence was adequate to restrain his cattle for over 30 years since the fence was installed by the State of Illinois in 1977. The fence was approximately four feet tall and made of woven wire and barbed wire. Cattle had never escaped through the fence involved in this case. The defendant inspected the fence every day. Each spring, the defendant called IDOT to inspect the fence and make repairs. Thus, the evidence supports a finding that the defendant acted reasonably in relying on the fence to restrain his cattle.

Pursuant to the Act, the plaintiff established that the defendant's cow was running at large and caused damages to the plaintiff. At that point, the burden of proof shifted to the

9

defendant to establish the exercise of due care in restraining the cow and lack of knowledge that it had escaped. Under the Act, when a defendant establishes that he did not have knowledge that his animal was running at large and that he used reasonable care in restraining the animal from so running at large, then he shall not be liable for damages caused by the running at large. The defendant met his burden of proof and, consequently, cannot be liable for the plaintiff's damages.

We disagree with the plaintiff's contention that "the trial court *** should have instructed the jury as to strict liability based on Illinois Pattern Jury Instruction 110.04, Liability of Owner or Keeper of Dog or Other Animal." Illinois Pattern Jury Instruction 110.04 (Illinois Pattern Jury Instructions, Civil, No. 110.04 (1995)) is based upon the Animal Control Act (510 ILCS 5/16 (West 2008)) and is not applicable in this case, which was brought pursuant to the Illinois Domestic Animals Running at Large Act (510 ILCS 55/1 (West 2002)).

CONCLUSION

The judgment of the circuit court of La Salle County in favor of the defendant is affirmed.

Affirmed.