Shirley Hartsock, Plaintiff-Appellee, v. Arthur Bress, Defendant-Appellant.

Gen. No. 63–F–8.

Fourth District.

March 26, 1963.

Arthur F. Wendler, of Troy, for appellant.

No brief or appearance filed by appellee.

HOFFMAN, JUSTICE.

This is an appeal from a decision of the County Court of Madison County, sitting without a jury, finding that the defendant is the father of plaintiff's child under the Paternity Act. Ill Rev Stats 1961, c 106¾, §§ 51–66.

No brief or appearance has been filed by the plaintiff, and the defendant in this appeal makes the complaint that he was unjustly deprived of his right to

have the issue decided by a jury; as is provided by Section 6 of the Act.

The record shows that on October 28, 1960 a Complaint under the Paternity Act was filed by the plaintiff against the defendant in the office of the clerk of said County Court, and that on said date a warrant was issued against defendant; that on November 22, 1960 all parties appeared before the Court, but the record does not disclose that the defendant filed any answer or other pleading. On that day the "matter was continued to the next setting." The next entry in the record is an order entered February 2, 1961 as follows: "On this day case set for hearing before a jury Wednesday, March 8, 1961 at 9:30 a. m." It then appears from the record that on February 2, 1961 the Clerk of the County Court over her written signature sent the following notice to the attorneys for the various parties: "County Judge Michael Kinney has requested that you be advised that the above-captioned case has been set for a hearing before a jury in Madison County, County Court on Wednesday, March 8, 1961 at 9:30 a. m." The record then shows that on March 8 the cause was stricken from the setting and continued until March 13th and that on March 13th it was continued generally. The next thing the record reveals is that on May 23, 1961 the defendant through his attorney filed a written petition for a jury trial. This petition was denied on June 9, 1961. Thereafter the cause was set for hearing on September 22, 1961, and the record shows that the defendant again moved for a jury trial but that it was "denied prior to the start of the trial." The case then proceeded to trial without a jury resulting in the decision against the defendant from which he now appeals.

Section 6 of the Paternity Act provides as follows:

"At the time appointed for appearance and answer, the court shall cause an issue to be made up

67

whether the person charged is the father of the child, which issue, upon demand of either the mother or the accused person, shall be tried by a jury. . . ."

It is further provided, by Section 14 of the Act, that the provisions of the Civil Practice Act shall apply to all proceedings, except as otherwise specified, and it has been held that a paternity action is a civil proceeding, for the recovery of money. See People v. White, 26 Ill App2d 279, 168 NE2d 48.

Section 64 of the Civil Practice Act provides that "A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer. Otherwise, the party waives a jury." But then Section 64 goes on to provide further that: "If the plaintiff files a jury demand and thereafter waives a jury, the defendant shall be granted a jury trial upon demand therefore made promptly after being *advised* of the waiver . . ." (Italics ours.) Section 59 of the Practice Act provides that upon good cause shown, in the discretion of the court and on just terms, "additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment"; and Supreme Court Rule 8 provides for a similar extension of time for the doing of any act required by the rules.

Our Supreme Court, in Hudson v. Leverenz, 10 Ill2d 87, 139 NE2d 255, which is its last expression which we have found upon the subject, has said "even though a plaintiff does not file his jury demand 'at the time suit is commenced' or a defendant 'at the time of filing his appearance,' this court has said that the right to have a jury is not necessarily foreclosed." See page 92 of 10 Ill2d, page 257 of 139 NE2d. The court then went on to say, in the Hudson case, that

a statute regulating the right of jury trial "should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right."

■ We believe that the substance of the court's ruling in the Hudson case and in previous opinions indicates that a trial court should not deny the right to a jury trial when there is no showing of inconvenience to the court or the parties litigant or prejudice to any rights in any manner whatsoever. This understanding of the rule has been applied by the Appellate Court, Third District, in Dawson v. Maxwell, 13 Ill App2d 228, 141 NE2d 642.

■ In the instant case, there is nothing in the record which shows in any way that the granting of a jury trial would have inconvenienced the court or parties litigant or prejudiced any rights in any manner whatsoever.

We further point out that in this case, where apparently the court on its own motion indicated that a jury trial would be held, and then, apparently withdrew the jury, we have a situation which is closely akin to that in which a plaintiff waives a jury after having demanded the same. In such case, as noted above, Section 64 of the Practice Act requires that the defendant shall be granted a jury trial upon demand being made promptly *after being advised* of the waiver.

In this case there is nothing in the record to indicate any notice to the defendant that the court was going to proceed without a jury but even if there had been some notice, it appears, in our judgment, that the defendant did promptly request a jury within the spirit and meaning of Section 64.

Accordingly, we hold in this case that the trial judge should have granted defendant a jury trial and we

remand the cause to the County Court of Madison County with directions to try the issue by a jury.

Reversed and remanded.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.