**Violet Cross, Plaintiff-Counter Defendant-Appellant, v. Paul Cross, Defendant-Counter Plaintiff-Appellee.**

**Gen. No. 49,072.**

First District, First Division.

November 18, 1963.

Edward Stasukaitis, of Chicago, for appellant.

Murray R. Haddon and Louis Z. Grant, of Chicago (Burton G. Hirsch, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiff while living with defendant, husband, brought an action for separate maintenance. Subsequently defendant counterclaimed for divorce on grounds of constructive desertion. The plaintiff answered and then filed a jury demand. When assigned out for trial the attorney for plaintiff informed the trial judge that no order had been entered denying his demand for a jury and he made it clear to the court that he had not waived or abandoned it. The trial judge in conversation with the attorney for defendant, directed that the record show that the latter would prepare and present to the assignment judge an order denying plaintiff's demand for a jury. It was on this basis that the trial proceeded. After evidence was heard the trial judge entered a decree which amongst other things, denied plaintiff's request to amend her complaint on its face for divorce, dismissed the complaint for separate maintenance, granted defendant a divorce on grounds of constructive desertion and ordered him to pay $25 a week for the support of the minor child from which decretal order plaintiff appeals.

The parties were married on October 18, 1947, and one child was born of the marriage who was twelve

years of age at the time the divorce was granted. They resided together until January 17, 1961, when the defendant was served with a summons which informed him for the first time that his wife had filed a complaint for separate maintenance. On May 23, 1962, defendant filed a counter-complaint for divorce. On June 13, 1962, plaintiff-counter defendant filed her answer and demanded a jury trial. On June 27, 1962, the defendant filed an amended counter-complaint for divorce which plaintiff answered on July 19, 1962. The matter came on for trial on September 25, 1962, more than three months after plaintiff's demand for a jury trial had been made.

At the very outset we are confronted with the question whether the trial judge committed error in trying the case without a jury. Section 64 of the Civil Practice Act (Ill Rev Stats c 110) provides that a party desiring a jury must demand it, either at the time the action is commenced, or at the time of the filing of the answer. Plaintiff did not request a jury trial at the time the suit was filed. It was not until sixteen months after the separate maintenance complaint was filed that the defendant filed his counter-complaint for divorce and it was then that the plaintiff answered and filed her jury demand.

The defendant-counter-plaintiff argues that while a trial by jury in a divorce suit is a matter of right it was waived when the plaintiff did not demand a jury at the time she filed her separate maintenance action. The defendant states, "Assuming arguendo, that plaintiff was entitled to a jury, unless plaintiff can show that the absence of the jury was or could have been prejudicial, relief as here sought should not be made available." We feel that the question is not whether the absence of a jury "was or could have been prejudicial," but simply whether the right to a jury could

189

have been denied in the circumstances presented in this case.

In Hudson v. Leverenz, 10 Ill2d 87, 139 NE2d 255, the Supreme Court after considering § 64, held that "even though a plaintiff does not file his jury demand 'at the time suit is commenced,' or a defendant 'at the time of filing his appearance,' this court has said that the right to have a jury is not necessarily foreclosed." The court went on to say that while the legislature has the power to regulate the right of jury trial in some reasonable manner "this court has stated that a statute doing so 'should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right.' "

In Dawson v. Maxwell, 13 Ill App2d 228, 141 NE2d 642, the defendant's counsel requested a jury trial some time after the answer was filed and in support of the motion attached his affidavit which recited that the failure to demand a jury trial was due to his oversight and was overlooked because he was under the impression that plaintiff had demanded a jury trial. The trial judge struck defendant's motion on the ground that the demand was not filed when defendant's "first appeared." The Appellate Court for the third district in reversing this decision said "there was nothing in the record tending to show that the granting of a jury trial would tend to inconvenience the court or parties litigant or prejudice any rights in any manner whatsoever." See also Hartsock v. Bress, 40 Ill App2d 66, 189 NE2d 673.

 We cite the Hudson and Dawson cases to illustrate the liberal expressions and philosophy contained in those decisions concerning jury demands which were not strictly filed in compliance with the statutory requirements.

190

■ In the case at bar, however, we hold that the subsequent filing of a counter-complaint for divorce in a separate maintenance action was the commencement of a separate and distinct new cause of action. It follows that when the plaintiff filed her answer thereto and promptly demanded a jury trial her right to such a trial was absolute and within the spirit of § 64.

Therefore, in our opinion, the failure of the trial judge to try the case before a jury constitutes reversible error.

Accordingly, the decree for divorce entered on October 2, 1962, is reversed with instructions to allow the demand of the plaintiff and counter-defendant for a jury trial and to permit plaintiff to amend her complaint.

Reversed and remanded with directions.

ENGLISH, P. J. and MURPHY, J., concur.