DONALD LEE KREN, Plaintiff-Appellant, *v.* THOMAS A. PAYNE, Defendant-Appellee.—(AETNA CASUALTY & SURETY COMPANY, Intervenor-Appellee.)

Fourth District   No. 15744

Opinion filed February 29, 1980.—Rehearing denied March 25, 1980.

Timothy D. Sturm, of Springfield, for appellant.

William K. Cavanagh, of Springfield, for appellee Thomas A. Payne.

Edward F. Casey, of Casey & Casey, of Springfield, for appellee Aetna Casualty & Surety Company.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

Defendant demanded jury.

Plaintiff did not.

Defendant withdrew on eve of trial.

Plaintiff belatedly moved for jury trial.

Court denied.

We affirm.

Plaintiff Kren was employed as an operating engineer at the site of a new treatment plant being built in Springfield. At 4 p.m. on a Friday afternoon work had ceased because of intemperate weather. One of the employees of the construction company arrived at the jobsite and proceeded to distribute paychecks to the employees there. Defendant Payne asked plaintiff Kren to come over to his car where they had a discussion inside Payne's vehicle regarding Kren's paycheck. A disagreement ensued and Payne jumped from the driver's side of the vehicle while Kren emerged from the passenger side. Payne came around and attacked Kren and during the altercation Kren was tripped and his left leg snapped. As a result of this altercation, Kren suffered injuries to his left leg and scratches and bruises to his face.

Kren went to his family physician and was referred to an orthopedic surgeon, Dr. H. G. Woody. Dr. Woody diagnosed the injury as a torn cartilage in the left knee and proceeded to conduct a course of treatment.

Procedurally, the issues involved in this appeal came before two separate judges. Upon the eve of trial, a motion by plaintiff for a jury trial was heard and denied by Judge Simon L. Friedman. The case proceeded to trial before Judge Jeanne E. Scott, sitting at bench. She found in favor of Kren, the plaintiff-appellant, and awarded him $2,000. A subsequent motion by Kren for jury trial—or in the alternative to modify judgment—was denied and this appeal followed.

Simply stated, the two issues presented are: (1) Did Judge Friedman and Judge Scott abuse their discretion in denying plaintiff-appellant's motion for leave to file a late jury demand and his post-trial motion for a jury trial; and (2) did Judge Scott err in failing to properly consider all of the elements of the issue of damages?

## LATE JURY DEMAND

We turn first to the question of the jury demand. Judge Friedman refused to allow plaintiff leave to file a late jury demand, and Judge Scott subsequently denied his post-trial motion for trial by jury.

Defendant Payne relies primarily upon section 64 of the Civil Practice Act which states:

"A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer. Otherwise, the party waives a jury." Ill. Rev. Stat. 1977, ch. 110, par. 64.

But plaintiff Kren relies upon section 59 of the Civil Practice Act which provides:

> "On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment." (Ill. Rev. Stat. 1977, ch. 110, par. 59.)

And upon Supreme Court Rule 183:

> "The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." 73 Ill. 2d R. 183.

Our Illinois Supreme Court has had occasion to consider in depth this question of late jury demand. In fact, two cases from that court are squarely relevant here. They are *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201, and *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205. These cases were decided on the same day and the opinions were published back to back. *Hernandez* allowed a late jury demand, but *Greene* refused it. *Hernandez* found good cause shown; *Greene* did not. Both cases reviewed prior case law in this area and applied it to the statutory and supreme court rule backdrop. ■■ Essentially, these cases jointly teach us this lesson: The right to jury trial is one that is constitutionally guaranteed; courts will construe liberally any statutes which regulate the exercise of such right; in order to obtain an extension of time in which to file a late demand for jury, good cause must be shown; the absence of inconvenience or prejudice does not alone establish good cause; in addition to good cause, consideration will be given to inconvenience to parties and the court, as well as any possible prejudice to the rights of the opposing party; the moving party must assert an independent ground for allowance of a late demand for jury; the issue is addressed to the sound discretion of the trial court; the exercise of that discretion will not be reversed unless there is an abuse thereof; and the standard on review is whether the action of the trial court was a reasonable exercise of sound discretion.

■■ In *Greene*, Mr. Justice Goldenhersh summed up the test as follows:

> "We do not agree with defendant that the showing that permitting the late filing of a jury demand would not cause inconvenience to the parties litigant or the court, or in any manner prejudice them, is sufficient to supply the requisite 'good cause shown.' To so construe section 64(1) of the Civil Practice Act would in effect permit the demand to be made at any time so long as neither the court nor a litigant was inconvenienced or prejudiced. We hold, therefore, that in addition to showing that no

inconvenience or prejudice would result from the late filing of the demand it was necessary that good cause be shown for failure to comply with the statute. Accord, *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90.

The determination of what constitutes good cause shown must be made upon the facts of each case, and absent an abuse of discretion the decision of the circuit court will not be disturbed. In this instance the allegation that the failure to file the demand was the result of inadvertence of an assistant corporation counsel does not furnish the basis for holding that the trial court abused its discretion." 73 Ill. 2d 100, 107-08, 382 N.E.2d 1205.

■■ In applying the *Hernandez-Greene* test to the facts at bench, we conclude that no good cause was demonstrated by plaintiff for failure to comply with the statute in presenting a timely demand for jury trial. At the hearing on the motion to modify the judgment, plaintiff's counsel made comments to the court which clearly reflect that the plaintiff's failure to file a jury demand within the prescribed statutory time was a result of both a misapprehension of the facts and mistake, as well as a lack of diligence. Plaintiff's attorney said "My role is that of attorney for Aetna because of the—I don't know—lack of diligence on the part of his permanent lawyer." (A reference to plaintiff's earlier, or prior, attorney.) Again, plaintiff's trial counsel, Mr. Casey, said to Judge Scott:

"Now, in our case, the Plaintiff in his request for a jury, when the Defendant withdrew his—he withdrew it on Friday and I filed mine on Monday and it's true that Mr. Cavanagh told me he was going to file it but that is because I didn't receive the withdrawal until Saturday in the mail, so I filed it just as promptly as I could have but in any event, Mr. Kren thought he had and why Mr. Davlin didn't, I don't know.

In reference to my action, I would—it's not in the record, but I would tell the Court that starting in 1975, I started writing letters to Mr. Davlin on behalf of Etna [*sic*] inquiring as to whether the case would be disposed of and only as Mr. Davlin was Mr. Kren's personal lawyer and really had no way to interfere with it and only when it became apparent that he didn't intend to try it, I tried it because of my relationship with Etna [*sic*]."

We view the record as clearly indicating that attorney for the defendant said he was going to withdraw his jury demand, plaintiff's attorney knew it, and when defendant in fact withdrew such demand, plaintiff could not have been surprised. We conclude that plaintiff has failed to demonstrate good cause under the *Hernandez-Greene* test and that no deviation from the requirements of the statute exist in this case.

*Ergo*, the trial court's decision to both deny leave to the plaintiff to

file a late jury demand and the denial of the post-trial motion for trial by jury was not an abuse of judicial discretion.

No error.

## DAMAGES

■■ Next, it is clear in Illinois what the elements of damages are. In *Izzo v. Zera* (1965), 57 Ill. App. 2d 263, 269, 205 N.E.2d 644, 647, the court said:

"The jury had the right to consider the loss of earnings reasonably certain to be received in the future, the nature, extent and duration of the injuries received, the pain and suffering experienced and reasonably certain to be experienced in the future, and the reasonable expense of medical care and disability resulting from the injuries (*Donk Bros. Coal & Coke Co. v. Thil*, 228 Ill. 233, 241, 81 N.E. 857)."

From our contextual reading of the record before us, we consider it plain that Judge Scott properly considered all of these elements in fixing the amount of compensatory damages and denying any punitive damages.

Dr. Woody's testimony was the only medical evidence offered at the trial by either party. The record reflects the following script:

"THE COURT: Gentlemen, I have now read the evidence deposition of Mr. Woody which was taken on March 13, 1979, at 1:35 p.m. Would you want that marked as an exhibit and appropriated in the record in that fashion or—.

MR. CASEY: I think it should be part of the record. I don't think it's an exhibit; just consider it as part of the transcript as long as the record is clear that you have read it and are considering the deposition as part of the evidence in this cause on behalf of the plaintiff.

THE COURT: It will be so considered."

Judge Scott's subsequent comments at the hearing on plaintiff's motion to modify judgment shows beyond question that she took every required element into consideration.

No error here.

Affirmed.

TRAPP and WEBBER, JJ., concur.