THE PEOPLE *ex rel.* PENNY CHRISCO, Plaintiff-Appellee, *v.* JERRY L. CARNES, Defendant-Appellant.

Third District   No. 82—447

Opinion filed May 6, 1983.

Thomas H. Ramsey, Public Defender, of Canton, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Jerry Carnes, was found by the circuit court of Fulton County to be the father of a child born out of wedlock to the plaintiff, Penny Chrisco. The defendant has been represented by the Fulton County public defender during both the bench trial on the issue of paternity and during the course of this appeal. On appeal the defendant asserts that the court committed reversible error in denying his motion for a jury trial on the issue of paternity. The defendant further contends that the public defender should be compensated for his representation of the defendant in this appeal.

On February 23, 1981, the plaintiff filed a complaint alleging that the defendant was the father of the plaintiff's daughter, Amanda Chrisco. On April 2, 1981, the defendant appeared before the court and a public defender was appointed to represent him. The defendant's answer to the complaint was filed on April 9, 1981. A bench trial on the issue of paternity began on February 5, 1982. Following the trial testimony of the plaintiff, the court noted that a jury waiver was not included in the case file. At that point the defendant demanded a jury trial. The defendant's demand was refused and the trial continued, culminating in a finding that the defendant was the father of Amanda Chrisco. Defendant's post-trial motion was heard and denied on May 26, 1982.

In June 1982, the defendant filed a timely notice of appeal and the Office of the State Appellate Defender was appointed by the court

to represent him. The court subsequently vacated its appointment and appointed the Fulton County public defender as counsel for the defendant. On August 13, 1982, the public defender moved to withdraw as counsel for the defendant on appeal. This motion was denied by the trial court.

■ The defendant argues that it was error to deny him a jury trial because there was no showing that to do so would have inconvenienced the court. The proceeding in the instant case was brought pursuant to the Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1351 *et seq.*). Section 6 of the Paternity Act creates a statutory right to a jury trial. (Ill. Rev. Stat. 1981, ch. 40, par. 1356.) However, section 14 of the Paternity Act specifies that the provisions of the Civil Practice Act apply to paternity proceedings unless otherwise specifically provided by the Paternity Act. (Ill. Rev. Stat. 1981, ch. 40, par. 1366.) Under section 64(1) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 64(1)), the defendant was required to file a jury demand not later than the filing of his answer. The defendant did not demand a jury until after commencement of the trial. His failure to file a timely demand results in a waiver of his statutory right to a trial by jury. *People ex rel. Cizek v. Azzarello* (1980), 81 Ill. App. 3d 1102, 401 N.E.2d 1177.

The defendant argues that his demand for a jury should have been granted, despite his waiver, based on the decision in *Hartsock v. Bress* (1963), 40 Ill. App. 2d 66, 189 N.E.2d 673. The court in *Hartsock* was required to interpret a defendant's statutory right to a jury trial in a paternity proceeding where, as in the instant case, the demand for a jury is made after the time allowed in section 64(1) of the Civil Practice Act. The court in *Hartsock* held that a defendant should not be denied a jury trial when there is no showing of inconvenience to the court or the parties or prejudice to any rights.

The defendant's reliance on *Hartsock* is misplaced. The Illinois Supreme Court in *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205, considered the circumstances under which a jury demand made after the time allowed by section 64(1) should be allowed. In its discussion, the court cited the *Hartsock* decision as representative of a line of cases from the appellate courts which resolved the issue of late jury demands by considering the inconvenience to the court and parties. The *Greene* court rejected the *Hartsock* analysis and held that in addition to a showing of no inconvenience, a defendant seeking to avoid waiver of his right to a jury trial must also show good cause for failure to comply with section 64(1) of the Civil Practice Act.

At the time the defendant's demand for a jury trial was made in the case at bar, the trial on the merits of the case had begun. Clearly the court and the plaintiff would have been inconvenienced by the granting of the defendant's demand since a new trial would have been required. It is equally clear that the defendant has failed to show good cause for his noncompliance with the statutory requirements of section 64(1) of the Civil Practice Act. The defendant's untimely demand for a jury trial was properly denied.

■ The trial court apparently required the public defender to prosecute this appeal without making a finding of defendant's indigency. On appeal defendant claims that his counsel is entitled to compensation for services rendered in pursuing this appeal on the theory that counsel's appointment as public defender was improper, and counsel therefore is entitled to compensation as private counsel. Defendant asks this court to order compensation for the public defender.

We note that the sole compensation of a public defender is a salary paid by the county and that prosecution of an appeal is one of the duties of the public defender. (Ill. Rev. Stat. 1981, ch. 34, pars. 5604, 5605.) Hence, there is nothing inherently improper in having the public defender appear in this court as a part of his regular duties for which he is paid a salary. Defendant cites no authority which would require a reviewing court to order payment of attorney fees for appellate work under the circumstances of this case. In addition, we decline to fix attorney fees in this case where there has been no showing of time spent or other basis for determining what would be a reasonable fee.

The judgment of the circuit court of Fulton County is affirmed.

Affirmed.

STOUDER and ALLOY, JJ., concur.