F. RONALD EALY et al., d/b/a Law Offices of Ealy & Meyer, a Partnership, Plaintiff-Appellee, v. GLENDEL W. PEDDY, Defendant-Appellant.

Fifth District No. 5—84—0811

Opinion filed November 8, 1985.—Rehearing denied December 19, 1985.

Massey, Anderson & Gibson, of Paris (Richard L. James, of counsel), for appellant.

No brief filed for appellees.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Glendel W. Peddy, appeals from the judgment of the circuit court of Effingham County granting plaintiffs, F. Ronald Ealy and Michael J. Meyer, d/b/a Law Offices of Ealy & Meyer, $1,183.70 for legal services rendered to defendant.

On July 19, 1983, defendant retained plaintiffs to represent him in an action for dissolution of marriage. Defendant signed a fee agreement and paid plaintiffs $500. Defendant became dissatisfied with the representation he was receiving and terminated the relationship. Plaintiffs forwarded a statement for services rendered in the amount of $1,794.80. Defendant refused to pay on the grounds that the bill was excessive for the services he had received.

On August 28, 1984, plaintiffs filed a small claim complaint against defendant. Defendant was ordered to appear in court on September 24, 1984. Defendant's motion for a continuance was granted and his appearance was set for October 30, 1984. On that date, defendant made a demand for a jury trial which was denied. Defendant was granted leave to file a counterclaim. A bench trial was held November 21, 1984, at which time judgment was entered for plaintiffs. Defendant filed notice of appeal on December 13, 1984.

Defendant contends that the trial court erred in denying his demand for a jury trial and in admitting into evidence the statement for services rendered over defendant's objection. Defendant also con-

tends that the judgment in favor of the plaintiffs was contrary to the manifest weight of the evidence because plaintiffs failed to meet their burden of proving that the fees charged were just and reasonable.

■ Plaintiffs failed to file a written brief. We note that we are not required to serve as an advocate for plaintiffs, nor are we required to search the record for the purpose of sustaining the judgment below. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) Furthermore, if defendant's brief demonstrates a *prima facie* showing of reversible error and the contentions of the brief find support in the record, we may reverse the judgment of the trial court. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

■ Defendant contends that the trial court erred in denying his demand for a jury trial. Supreme Court Rule 285 (87 Ill. 2d R. 285) states that "[a] small claim shall be tried by the court unless a jury demand is filed *** by the defendant not later than the date he is required to appear." Although defendant's first appearance was set for September 24, 1984, he was granted a continuance so that he was required to make his initial appearance on October 30, 1984. Defendant appeared on October 30, 1984, and made his demand for a jury trial. Therefore, we find that defendant's demand was timely made.

The form of defendant's demand for a jury trial is also at issue. We find no evidence in the record that defendant filed a written demand. The only evidence of a demand is found in the court's notations on the complaint itself that defendant's demand for a jury was denied. While Supreme Court Rule 285 refers to the filing of a demand and thus contemplates a written motion (*Village of Park Forest v. Walker* (1976), 64 Ill. 2d 286, 299, 356 N.E.2d 42, 49), the purpose of the rules governing small claims (87 Ill. 2d Rules 281 through 289) is to provide an expeditious, simplified, and inexpensive procedure for the litigation of disputes involving small amounts. *Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 333, 442 N.E.2d 318, 321; *Johnston v. Suckow* (1977), 55 Ill. App. 3d 277, 281, 370 N.E.2d 650, 654.

The supreme court had the opportunity to rule that a defendant had waived his right to a jury trial in an ordinance prosecution, which the court found was analogous to a small claims proceeding, on the basis that the defendant's demand was oral. (*Village of Park Forest v. Walker* (1976), 64 Ill. 2d 286, 299, 356 N.E.2d 42, 49.)

However, rather than ruling that the right to a jury trial had been waived because of the form of the demand, the court found that the right had been waived because it was not timely. (*Village of Park Forest v. Walker* (1976), 64 Ill. 2d 286, 300, 356 N.E.2d 42, 49.) The right to a jury trial has been held to be waived unless a written demand is filed; however, in *Wickiser v. Powers* (1944), 324 Ill. App. 130, 57 N.E.2d 522, 526, there had been no timely demand made, neither written nor oral. This court has held that an oral demand for a jury trial was properly made where the circumstances were such that the defendant had no opportunity to file a written demand. *Gariepy v. Springer* (1943), 318 Ill. App. 523, 48 N.E.2d 572, 575.

 █ Statutes governing the right to a jury trial should be liberally construed in favor of granting the right both as to form (*Beal v. Booras* (1961), 32 Ill. App. 2d 304, 306, 177 N.E.2d 717, 718) and timeliness. (*Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 95, 382 N.E.2d 1201, 1203; *Kren v. Payne* (1980), 81 Ill. App. 3d 283, 285, 401 N.E.2d 19, 21.) Given this axiom and the purpose of the rules governing small claims proceedings, we find that defendant's timely demand for a jury trial should have been granted even though it was made orally.

Because we find that the trial court erred in denying defendant's demand for a jury trial, we do not reach the other issues raised by defendant. We do note, however, that plaintiffs should be required to produce detailed facts and computations upon which the claimed fees are predicated. *Laff v. Chapman Performance Products, Inc.* (1978), 63 Ill. App. 3d 297, 306, 379 N.E.2d 773, 781.

The decision of the circuit court of Effingham County is reversed and the case is remanded for a new trial.

Reversed and remanded.

JONES, P.J., and KASSERMAN, J., concur.