# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Robinson v. Washington Township*, 2012 IL App (3d) 110177

---

| | |
|---|---|
| Appellate Court Caption | RICKY ROBINSON, JR., a Minor, by Beverly Bourne, His Mother and Next Friend, Plaintiff-Appellant, v. WASHINGTON TOWNSHIP, a Municipal Corporation, Defendant-Appellee (Angela Mancha and Frank Martinez, Plaintiffs). |
| District & No. | Third District<br>Docket No. 3-11-0177 |
| Filed | August 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The acts of defendant township while completing roadway repairs were not discretionary actions that were immune from liability under the Tort Immunity Act; rather, they were ministerial in nature, and the township had a duty to repair any potholes on the roadway in a reasonably safe manner. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 08-L-986; the Hon. Michael J. Powers, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on          David N. Baum and Kristy M. Gonowon (argued), both of Gonsky, Baum
Appeal              & Whittaker, Ltd., of Chicago, for appellant.

                    Troy A. Lundquist (argued) and Anastasia L. Hess, both of Langhenry,
                    Gillen & Lundquist, LLC, of Joliet, for appellee.

Panel               JUSTICE LYTTON delivered the judgment of the court, with opinion.
                    Justice McDade concurred in the judgment and opinion.
                    Justice Holdridge dissented, with opinion.


**OPINION**

¶ 1     Plaintiff, Ricky Robinson, Jr., a minor, appeals from an order of the circuit court dismissing his complaint against defendant, Washington Township, a municipal corporation, for injuries he sustained when the automobile in which he was riding hit a pothole and crashed. The trial court found defendant immune from liability pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1-101 *et seq.* (West 2008)). On appeal, plaintiff argues that the court erred in granting defendant's motion to dismiss because defendant had a duty to repair the roadway in a reasonably safe manner once it began the work. We reverse and remand for further proceedings.

¶ 2     On April 23, 2008, Ricky was a passenger in a motor vehicle driven by his father, Ricky Robinson, Sr. As Robinson Sr. was driving southward on Stony Island Road in Washington Township, he hit a pothole, ran over road construction debris and lost control of the vehicle. The car rolled over and landed on its roof. Ricky sustained blunt head trauma and a puncture wound to his back.

¶ 3     Ricky's mother filed suit on his behalf, claiming that the township had a duty to exercise ordinary care and caution while completing the roadway repairs. The township moved to dismiss, arguing that it was immune from liability under sections 2-109 and 2-201 of the Tort Immunity Act because filling potholes was a discretionary function. See 745 ILCS 10/2-109, 2-201 (West 2008). The trial court agreed and granted the township's motion without prejudice.

¶ 4     In response, plaintiff filed an amended complaint, claiming that defendant's repair of the roadway amounted to careless and negligent conduct. The complaint alleged that the road bed had sand and dirt piled in humps and ruts, had potholes and debris, and had an uneven and undulating surface. Plaintiff claimed that defendant:

            "(a) After having started repairs, failed to provide a road free of hazardous defects

-2-

when the Defendant knew or should have known of the existence of the hazardous conditions of the road.

(b) After having started repairs, failed to maintain a road in a reasonably safe condition when the Defendant knew or should have known of the existence of the hazardous conditions of the road.

(c) After having started repairs, failed to properly inspect the road for hazardous defects when the Defendant knew or should have known of the existence of the hazardous conditions of the road.

(d) After having started repairs, failed to warn motorists by the use of properly located legible signs of the existence of uneven and undulating surface when the Defendant knew or should have known of the existence of the hazardous conditions of the road.

(e) After having started repairs, failed to warn motorists by the use of properly located legible signs of the existence of the potholes and pitted surface when the Defendant knew or should have known of the existence of the hazardous conditions of the road.

* * *

(h) After having started repairs, failed to provide and use suitable temporary covers over potholes, pits and uneven surfaces when the Defendant knew of should have known of the existence of the hazardous conditions of the road.

(i) After having started repairs, failed to finish the repair of the hazardous conditions of the road when the Defendant knew or should have known of the existence of the hazardous conditions of the road."

¶ 5     The township again moved to dismiss. Following a hearing, the trial court found that the township's acts were discretionary and therefore immune from liability. The court granted the township's motion without prejudice. Plaintiff chose to stand on his complaint, and the trial court entered an order dismissing the cause in its entirety.

¶ 6                                              ANALYSIS

¶ 7     In reviewing a motion to dismiss, we accept as true all well-pled facts and all reasonable inferences that may be drawn from those facts and construe the allegations in the complaint in the light most favorable to the plaintiff. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422 (2006). Under a dismissal pursuant to section 2-615 or section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2008)), our standard of review is *de novo*. *In re Application of the County Treasurer*, 2012 IL App (1st) 101976.

¶ 8     Unless an immunity provision applies, municipalities and other local public entities are liable in tort to the same extent as private parties. *Murray v. Chicago Youth Center*, 224 Ill. 2d 213 (2007). Sections 2-109 and 2-201 of the Tort Immunity Act grant immunity to public entities for discretionary functions. Section 2-109 states that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109 (West 2008). Section 2-201 further provides that "a public

-3-

employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201 (West 2008).

¶ 9        Section 2-201 immunizes liability for negligence and wilful and wanton misconduct and is to be strictly construed against the public entity seeking immunity. *Hanley v. City of Chicago*, 343 Ill. App. 3d 49 (2003). Moreover, the burden is on the municipality to prove that it is entitled to immunity. *Van Meter v. Darien Park District*, 207 Ill. 2d 359 (2003).

¶ 10       Under section 2-201, immunity applies if the township can demonstrate that the act of repairing the roadway was a determination of policy and an exercise of discretion, rather than ministerial. See *Morrissey v. City of Chicago*, 334 Ill. App. 3d 251 (2002). Policy decisions are " 'those decisions which require the municipality to balance competing interests and to make a judgment call as to what solution will best serve each of those interests.' " *Harinek v. 161 North Clark Street Ltd. Partnership*, 181 Ill. 2d 335, 342 (1998) (quoting *West v. Kirkham*, 147 Ill. 2d 1, 11 (1992)). Discretionary acts involve the exercise of personal judgment in deciding whether to perform a certain act or in what manner the act should be conducted. *Wrobel v. City of Chicago*, 318 Ill. App. 3d 390 (2000). In contrast, ministerial acts "are those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." *Snyder v. Curran Township*, 167 Ill. 2d 466, 474 (1995).

¶ 11       A public entity or municipal corporation exercises discretion when it selects and adopts a plan in the making of public improvements. *Greene v. City of Chicago*, 73 Ill. 2d 100 (1978). However, once the public entity is carrying out the plan, it acts ministerially and is "bound to see that the work is done in a reasonably safe and skillful manner." (Internal quotation marks omitted.) *Greene*, 73 Ill. 2d at 108; see also *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 194 (1997) (as soon as a municipal corporation begins to carry out its plan, it acts ministerially). A municipality's act of repair is generally considered a ministerial act for which it may be liable if negligently performed. See *Gutstein v. City of Evanston*, 402 Ill. App. 3d 610 (2010); *Hanley*, 343 Ill. App. 3d at 56-57.

¶ 12       Plaintiff argues that defendant is not immune from liability under the Tort Immunity Act because the activities of repairing the roadway were ministerial in nature and the township had a duty to perform them in a reasonably safe manner. We agree. Plaintiff's complaint alleges that, after the township began repairing the roadway, the township failed to provide a road free of hazards and to maintain the road in a reasonably safe condition. Once a municipality makes the discretionary decision to begin repairing a roadway, the acts of filling holes and removing debris are ministerial. See *Greene*, 73 Ill. 2d at 108; *Morrisey*, 334 Ill. App. 2d at 256. Discretionary immunity does not extend to the township's implementation of its plan of maintenance and repair. The township was required to complete the repairs in a reasonably safe manner, and the Tort Immunity Act does not immunize it from liability.

¶ 13       Furthermore, when the legislature passed the Tort Immunity Act, it codified the common law duty to exercise ordinary care to maintain property under section 3-102(a). 745 ILCS 10/3-102(a) (West 2008). It also imposed liability for the use of property that is not

reasonably safe in section 3-103(a). 745 ILCS 10/3-103(a) (West 2008). These statutory exceptions to immunity reinforce our conclusion that making repairs are ministerial, not discretionary, acts.

¶ 14    In deciding this case, we follow a large majority of cases that have decided that acts of repairing public roadways are primarily ministerial acts for which public entities are liable if negligently performed. See *Gutstein*, 402 Ill. App. 3d at 626-27 (regrading alley was a ministerial act; refusing to adopt overly expansive description of an exercise of discretion); *Trtanj v. City of Granite City*, 379 Ill. App. 3d 795, 804-05 (2008) (failure to properly hook up city sewer bypass pump was ministerial; noting that every act has some discretion in the manner of its performance); *Hanley*, 343 Ill. App. 3d at 57-58 (repair of pothole in crosswalk was ministerial act for which a local government entity may be liable); *Morrissey*, 334 Ill. App. 3d at 257. Our supreme court has plainly stated that whether a municipality engages in a plan to improve a roadway is a discretionary matter, but once the decision to perform work is made, it must be done with reasonable care. *Snyder*, 167 Ill. 2d at 474-75. Plaintiff's complaint adequately alleges that duty.

¶ 15    Nevertheless, defendant urges us to follow *Lusietto v. Kingan*, 107 Ill. App. 2d 239 (1969) (*per curiam*), and *Wrobel*, 318 Ill. App. 3d 390, and conclude that the repair of a roadway falls within a municipality's discretionary functions. Both cases are distinguishable.

¶ 16    In *Lusietto*, the plaintiff filed suit against a highway maintenance supervisor alleging negligence in the supervisor's failure to repair a pothole. The court noted that the supervisor was responsible for 240 miles of highway in 5 counties and supervised approximately 30 highway workers. Applying these facts, the court found that the supervisor's duties were governmental in character and required the exercise of discretion and judgment as to which holes to fill and which holes not to fill. It then concluded that the supervisor was protected from liability based on the theory of public official immunity. *Lusietto*, 107 Ill. App. 2d at 244. *Lusietto* never reached the issue of whether the actual act of repair was discretionary or ministerial.

¶ 17    Here, plaintiff alleges that the township failed to repair Stony Island Road in a reasonably safe manner. The complaint alleges that, after repairing the road, the township failed to remove sand and debris, neglected to cover pits and potholes, and left an uneven pavement surface. Plaintiff does not seek review of a township official's discretionary decision of what repairs to effectuate. He seeks relief, claiming that the act of repairing the roadway was negligently performed. Thus, the concept of public official immunity does not apply, and *Lusietto* is not dispositive of the township's motion to dismiss.

¶ 18    In *Wrobel*, the question of the city's negligence involved the details of how municipal workers repaired a particular pothole, such as the amount of water removed before the hole was patched and the consistency of the materials used to fill the hole. *Wrobel*, 318 Ill. App. 3d at 392. In this case, no facts were presented in support of the motion to dismiss to suggest that the repair process involved the complex or detailed determinations that were held to be discretionary in *Wrobel*. To the extent that *Wrobel* concludes that repairing and maintaining public roadways are discretionary acts, we decline to adopt its holding. Instead, we follow the general rule in Illinois that, once a plan has been adopted, repairing and maintaining are

ministerial acts. *In re Chicago Flood Litigation*, 176 Ill. 2d at 194; *Greene*, 73 Ill. 2d at 108; *Guststein*, 402 Ill. App. 3d at 626-27.

¶ 19                                                            CONCLUSION

¶ 20      The order of the circuit court of Will County is reversed, and the cause is remanded for further proceedings.

¶ 21      Reversed and remanded.

¶ 22      JUSTICE HOLDRIDGE, dissenting.

¶ 23      I dissent. As the majority acknowledges, the Tort Immunity Act immunizes public entities from liability for negligence in performing discretionary functions, such as deciding whether to repair potholes or make other repairs or improvements to public roads. See *supra*, ¶¶ 8-11; see also 745 ILCS 10/2-201 (West 2008); *Greene v. City of Chicago*, 73 Ill. 2d 100 (1978); *Ross v. City of Chicago*, 168 Ill. App. 3d 83, 87 (1988); *Lusietto v. Kingan*, 107 Ill. App. 2d 239, 244 (1969) (*per curiam*). Once the decision to make repairs is made, however, the work must be done with reasonable care and in a nonnegligent manner. *Washington v. City of Chicago*, 188 Ill. 2d 235, 240 (1999); *Snyder v. Curran Township*, 167 Ill. 2d 466, 474-75 (1995); *Greene*, 73 Ill. 2d at 108. Nevertheless, a public entity is liable for negligent improvements or repairs only if the improvements "create[ ] a condition that is not reasonably safe," and cause injury. 745 ILCS 10/3-103(a) (West 2008); see also *Baran v. City of Chicago Heights*, 43 Ill. 2d 177, 181 (1969) (a municipality must respond in damages only if it "*creates a hazardous condition* and someone is injured as a consequence" (emphasis added)); *Washington*, 188 Ill. 2d at 240. In other words, even where it undertakes to act in some fashion, a public entity "is not considered to be an insurer against all accidents occurring on the public way" (*Ross*, 168 Ill. App. 3d at 87); liability arises "only when the undertaken improvement, itself, creates an unreasonably dangerous condition" (*id.*).

¶ 24      In this case, the plaintiff's second amended complaint does not allege that the road repairs performed by the township created any hazardous or unreasonably dangerous condition that did not already exist before the repairs were begun. To the contrary, the complaint alleges that the road was in essentially the same condition before and after the repair work occurred. Specifically, the plaintiffs allege that, before the township attempted any repairs, Witvoet Trucking & Company (Witvoet) had operated overweight trucks on the road at issue which caused the roadway to develop "holes, cracks, and an uneven surface with bumps, humps, ruts, and missing sections." The plaintiffs claim that the accident was caused by the damaged roadway, which included "sand, dirt, debris, pits, potholes on the road and a grossly uneven and undulating surface," and that they suffered injuries "as a direct and proximate result" of the alleged wrongful acts or omissions committed by Witvoet. The plaintiffs allege that the road was in this same state of disrepair during the township's ongoing attempt to repair the roadway. Specifically, the plaintiffs maintain that, after the township began the repairs, "the roadbed had sand and dirt piled in humps and ruts, had holes and debris strewn thereon and did not have a solid flat even surface." They also allege that

the accident was "due to the unfinished repair that included sand, dirt, debris, pits, potholes on the road and a grossly uneven and undulating surface."

¶ 25    Thus, by the plaintiffs' own admission, all of the road hazards which allegedly caused their injuries already existed before the township performed any repairs. Although the plaintiffs allege that the township was negligent in several respects, they plead no facts suggesting that the township's ongoing repair efforts created a new hazard above and beyond the preexisting hazards created by Witvoet. In fact, the plaintiffs' allegations establish that the township's repair efforts did not create a new hazard or add to the existing danger in any way. Thus, the plaintiffs have failed to plead a basis for imposing liability upon the township. 745 ILCS 10/3-103(a) (West 2008); see also *Baran*, 43 Ill. 2d at 181; *Washington*, 188 Ill. 2d at 240; *Ross*, 168 Ill. App. 3d at 87.[1]

¶ 26    The majority cites several cases for the proposition that a municipality's act of repairing public roads is generally considered a ministerial act for which the municipality may be liable if negligently performed. *Supra* ¶¶ 11, 14 (citing *Gutstein v. City of Evanston*, 402 Ill. App. 3d 610, 626-27 (2010); *Hanley v. City of Chicago*, 343 Ill. App. 3d 49, 57-58 (2003); *Morrissey v. City of Chicago*, 334 Ill. App. 3d 251, 257 (2002)). To the extent that the majority implies that road repairs are ministerial as a matter of law, I disagree. "[W]hether acts are discretionary or ministerial must be determined 'on a case-by-case basis.' " (Internal quotation marks omitted.) *Hanley*, 343 Ill. App. 3d at 57 (quoting *Morrissey*, 334 Ill. App. 3d at 257). Moreover, the cases cited by the majority are not dispositive here, because none of them involved a situation wherein a plaintiff failed to allege that a public entity's negligent repairs created an independent hazard that caused the plaintiff's injuries. In this case, unlike the cases cited by the majority, the plaintiffs have pleaded themselves out of court by alleging that the road was in the same condition both before and after the repairs were begun. Under the rule established by our supreme court in *Baran* and applied by our appellate court in *Washington*, *Ross*, and other cases, this precludes the plaintiffs from recovering damages. I would therefore affirm.

---

[1]In addition, some of the acts of negligence alleged in the plaintiffs' second amended complaint are immunized by section 3-104 of the Tort Immunity Act. That section provides that a local public entity is not liable for any injury caused by "failure to initially provide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating or warning sign, device or marking, signs, overhead lights, traffic separating or restraining devices or barriers." 745 ILCS 10/3-104 (West 2008). In *Newsome v. Thompson*, 202 Ill. App. 3d 1074, 1078-79 (1990), our appellate court held that section 3-104 immunized the City of Chicago from liability for failing to provide median barriers, warning signs, or other protective devices while performing street reconstruction. Our supreme court has approved of and applied *Newsome*'s holding. See *West v. Kirkham*, 147 Ill. 2d 1, 9 (1992). Thus, the plaintiffs' allegations in this case that the township acted negligently by "fail[ing] to warn" motorists of the road's hazardous condition through the use of properly located "signs," "visible lights," and "barricades" fail to state a claim against the township.